CHARLOTTE M. SIDBURY V. HENRY WARE ET AL, TRUSTEES.

(Case No. 2075)

1. LIMITATIONS—LIS PENDENS—PRESUMPTIONS—In November, 1871, B., E. & T., as trustees of a religious association, entered into possession of a lot in the town of Corpus Christi, Texas, under a deed to them from J., and they and their successors have ever since continuously occupied and used the property as a place of public worship. In 1849 suit involving the title to the above mentioned lot was instituted in the United States circuit court, at Galveston, by D. against K., which resulted in a decree vesting the title in D. One of the links in the trustees' chain of title is a deed executed by K., in 1852, pending the suit between him and D. in the United States court. In an action of trespass to try title, brought in 1882, for the lot by S., who derives title through D., against W., G. & P., the successors of B., E. & T. *Held:*

(1) That the plaintiff's right of action was barred by limitation;

(2) That as the plaintiff relied on *lis pendens* as matter to defeat the defendant's plea of limitation, it was incumbent on her to show, not only that suit was pending at the time the deed made by K. in 1852 was executed, but also that this condition of things continued down to such period of time as would preclude the defense of limitation.

(3) That although there may have been *lis pendens* in 1852, yet, in the absence of proof to the contrary, it will not be presumed but that it ended in that year, or at least at some time sufficiently long before the institution of this suit in 1882, as to have made available to the defendants, under their deed executed in 1871, even the longest period of time prescribed by the statute.

2. PRACTICE IN SUPREME COURT—A certified copy of a decree of another court,

though found in the transcript, will not be considered by this court for any purpose unless the same has been made a part of a statement of facts or bill of exceptions, or has otherwise been so made a part of the record in the cause as to authorize the court to consider it.

APPEAL from Nueces. Tried below before the Hon. Thomas W. Dodd, special judge.

The opinion states the case.

*McCampbell & Givens*, for appellant, on the proposition that the appellees, having purchased the land in question *pendente lite*, are as much concluded by the results of the litigation as if they had been parties thereto, and will not be permitted to set up limitations as a defense, cited: R. S., art. 4811; Flanagan *v.* Pearson, 61 Tex. 302; Harle *v.* Langdon, 60 Tex. 555; Tilton *v.* Cofield, 93 U. S. 168; Inloe's Lessee *v.* Harvey, 11 Md. 524; Salsbury *v.* Benton, 7 Lans. 352; 1 Story's Eq., sec. 406; Lee *v.* Salinas, 15 Tex. 495; Freeman on Judg., secs. 131, 176, 248; Herman on Estoppel, secs. 35, 36, 40, 43, 47, 82, 84, 94; Foster *v.* Wells, 4 Tex. 103; Weathered *v.* Mays, 4 Tex. 388; Sutherland *v.* DeLeon, 1 Tex. 250; Tennell v. Breedlove, 54 Tex. 540; Murchison *v.* White, 54 Tex. 78; Briscoe *v.* Bronaugh, 1 Tex. 326; Orme *v.* Roberts, 33 Tex. 768; Blankenship *v.* Douglass, 26 Tex. 225.

No brief on file for appellees.

STAYTON, ASSOCIATE JUSTICE.—This is an action of trespass to try title, in which the defendants set up as a defense the statutes of three, five and ten years. To these pleas there was no replication setting up any fact which would prevent the running of the statute.

There is no statement of facts, but the cause was tried without a jury, and the conclusions of fact and law are incorporated in the record, and are as follows:

1. The plaintiff proved a complete chain of title from and under the sovereignty of the soil to the lot of land described in her petition.

2. The defendants offered and read in evidence a deed from L. (Llewellyn) Jones, by his attorney in fact, E. J. Davis, to James Bryden, John McClane, Ira I. Evans, H. Taylor and O. T. Dix, trustees of the first Congregational Society of Corpus Christi, Texas, of date June 17, 1871, and filed for record in the county clerk's office of Nueces county, Texas, on July 8, 1871.

3. That the deed was properly admitted to record.

4. The defendants are the successors of the persons mentioned in

the second paragraph of this finding and in the trust created by the deed mentioned in that paragraph.

5.   The defendants and their predecessors have had continuous, open, notorious and adverse possession of the land sued for, using and occupying the same for public worship, as a church, since November, 1871, under the deed from L. Jones by E. J. Davis, his attorney in fact.

Plaintiff, over objections and exceptions of defendants, proved the institution of a suit, in 1849, in the United States circut court at Galveston, on the chancery side of that court, by J. Temple Doswell against H. L. Kinney, for two leagues of land, embracing the land sued for.   .

2.   J. Temple Doswell was one of plaintiff's vendors, under whom plaintiff deraigns title.

3.   Plaintiff proved by the record of deeds, over objections and exceptions of defendants, that defendants, if they had deraigned title from and under the sovereignty of the soil, would have deraigned title under Kinney, one of the original defendants in the suit mentioned above as having been instituted in 1849 in the United States circuit court at Galveston, on the chancery side of said court, by purchase in 1852, pending that suit.

Therefore, the court finds, under the law as applied to the facts, that the defendants are entitled to recover the land in dispute, under their plea of five years limitation, and judgment is so ordered.   ·

Done in open court, on this September 4, 1885.

                               THOS. W. DODD, Special Judge.

Judgment for defendants was rendered in accordance with the above, and plaintiff appealed.

The only errors assigned call in question the ruling of the court in rendering judgment for defendants on the above findings.   It is urged that, as the defendants assert title through H. L. Kinney, through a deed made in 1852, while a suit was pending against him on the chancery docket of the circuit court of the United States, in which one of the parties through whom the plaintiff claims was a complainant, therefore limitation would not run.   Waiving consideration of the question, whether the plaintiff can rely upon any matter to defeat the running of the statutes of limitation, in the absence of a replication setting up the facts relied upon for that purpose, it certainly rested upon her to show *lis pendens* at the time the deed made by Kinney in 1852 was executed, and to show that this continued down to such time as would cut off the defense of limitation.

There may have been a bill filed in chancery, and a cause docketed in the circuit court of the United States, from 1849 to 1852, and yet no *lis pendens*. The facts bearing on this question are not presented in the record. There may have been *lis pendens* in 1852, but it may have ended in that year, or at some time so long before institution of this action in 1882, that it would not prevent the running of the statute in favor of the defendants under their deed executed in 1871, even for the period of ten years, under the facts shown by the record, of which we can take notice.

We find, in the transcript, a certified copy of a decree entered in the circuit court of the United States, in favor of J. Temple Doswell against the executors of the will of H. L. Kinney, of date May 28, 1873, which covers the lot in controversy; but it is not made a part of a statement of facts or bill of exceptions, or otherwise so made a part of the record in this cause, so as to authorize us to consider it for any purpose. Hence, it becomes unnecessary to consider whether, if *lis pendens* existed until that decree was rendered, limitation would run after that date.

On the conclusions of fact, to which alone we can look in the determination of this cause, no other judgment than that entered could legally have been rendered. The judgment must therefore be affirmed

                                                        AFFIRMED.

[Opinion delivered January 12, 1886.