HERBERT L. HUMPHREY v. BEAUMONT IRRIGATING COMPANY ET AL.

Decided January 8, 1906.

**1.—Lis Pendens.**

It is settled law in this State that lis pendens, in order to render the judgment in a cause binding upon a purchaser from a party to the suit, does not begin until the service of citation or process, or such voluntary appearance as would give the court jurisdiction.

**2.—Citation by Publication—"Brief Statement of Cause of Action."**

By the expression "a brief statement of the cause of action," as used in the statute concerning citation by publication, is meant, the substance of the cause of action as stated in the petition, but briefly stated, instead of "fully and clearly stated," as is required in the petition. Citation considered, and held insufficient.

**3.—Purchaser Pending Suit—Not Bound by Judgment.**

B. purchased a tract of land from L., against whom a suit was then pending for said land; the suit had been filed several years before that, but L. had never been served with citation, and had never voluntarily appeared in the suit. After such sale by L. to B. a judgment was rendered in said suit against L. for the land. Held, B. was not a purchaser pendente lite, and was not bound by the judgment against L.

**4.—Burden of Proof.**

The burden of proof was on the parties asserting that said judgment was binding on B. to show that at the time of his purchase, L. had been served with citation or had voluntarily appeared in said suit. Evidence considered, and held insufficient to show this fact.

Appeal from the District Court of Jefferson County. Tried below before Hon. G. P. Dougherty, Special Judge.

*A. D. Lipscomb,* for appellant.—A purchaser from a party to a suit involving the thing sold is not affected by the result of such litigation unless he is himself a party, or unless prior to his purchase due process has been issued and executed to bring his vendor into court or to subject the property itself to the jurisdiction of the court. Smith v. Cassidy, 73 Texas, 165; Parker v. Campbell, 95 Texas, 83; Jemison v. Halbert, 47 Texas, 188.

Where the process relied upon to give the court jurisdiction over property is a citation or summons to the owner, executed by publication, it must contain, especially under the law of Texas of 1860, sufficient statement of the cause of action to afford the means (independently of resort to the petition) of ascertaining what is involved in the suit.

The Act of 1848, relating to suits against absentees, Paschals Digest, article 25, provided that in suits by publication the citation should contain "a brief statement of the cause of action," this being the act in effect during all the proceedings under the title of cause No. 328. Ford v. Baker, 33 S. W. Rep., 1036; Wade on Notice, sec. 351.

No judgment or decree ought to bind other than parties unless there has been full prosecution, without intermissions amounting in appearance to abandonment of suit. 21 Am. and Eng. Ency., 606-607; Id., 622; Wade on Notice, sec. 357-8; Pomeroy's Equity, vol. 2, pp. 880-881; Wolf v. Butler, 81 Texas, 92. For what amounts to an appearance of abandoning prosecution, see Alexander v. Barfield, 6 Texas, 404.

Recitals in a judgment do not raise presumptions against strangers to the record, and this is more emphatically true where these recitals can be given the full effect of truth as against the parties, without extending their effect to a time that would affect the rights of strangers. 21 Am. and Eng. Ency. of Law, 652.

Presumptions are not carried retrospectively beyond necessity, and no presumption of due service arises from the mere pendency of litigation. If the presumption of due service or appearance is to be based upon the recitals of a judgment, it is service had or appearance entered next before the judgment, as late as could have been in due course. 22 Am. and Eng. Ency. of Law, 1239.

No court has power by merely entering an order or judgment to deprive any citizen of his property; to give such effect to a judgment, service of process in accordance with the law of the land must have been shown or must be reasonably presumable from the recitals of the record. 2 Am. and Eng. Ency. of Law, 1059 and 1060; Pennoyer v. Neff, 95 U. S., 714; Stewart v. Anderson, 70 Texas, 595.

Constructive service of process is not to be presumed against a nonresident defendant. Galpin v. Page, 18 Wall., 350; Note to Hahn v. Kelley, 94 Am. Dec., 742.

A purchaser pendente lite against whom what purports to be a final judgment is urged in bar is not in the attitude of one making a collateral attack upon such judgment, unless privity is established by proof that when he purchased, his vendor had been cited. He is rather in the attitude of opposing the assertion of rights under a judgment which only purports to affect him collaterally, if at all, and no presumptions in support of such judgment are to be indulged against him. Wade,

350; Russell v. Kirkbride, 62 Texas, 455; Clarkson v. Morgan, 45 Ky., 441; Todd v. Outlaw, 79 N. C., 235.

Where defendant suffers judgment under circumstances such as to make it a fraud on his vendee, the latter will not be affected by the lis pendens. Dwyer v. Rippetoe, 65 Texas, 707; Wolf v. Butter, 81 Texas, 92.

*O'Brien, John & O'Brien* and *Greer, Minor & Miller,* for appellees.— As suit No. 328, involving the land purchased by Thomas Byrne from John Linton, was a proceeding in rem, and, as, prior to Byrne's purchase, due process had been issued and executed to bring John Linton into court, or if not, Linton had appeared, Byrne was a purchaser pendente lite, and he, as well as the appellant in this case, claiming under him, are bound by the result of the judgment in No. 328 against John Linton, for Thomas Byrne, the purchaser pendente lite, could only acquire such rights in the subject matter of the suit as his vendor, John Linton, a party defendant in cause No. 328, had, and when Thomas Byrne purchased he simply took the place of John Linton, and assumed the burdens that were resting upon Linton, and is chargeable with notice of whatever the record in cause No. 328 contained. Jones v. Robb, 80 S. W. Rep., 401; Hanrick v. Gurley, 93 Texas, 458; 21 Am. and Eng. Ency. of Law (2d ed.), 611; Punchard v. Delk, 55 Texas, 304; Hutchins v. Chapman, 37 Texas, 614; Brundage v. Briggs, 25 Ohio St., 652; McIlwarth v. Hollander (Mo.), 39 Am. Rep., 484.

The citation by publication in cause No. 328, stated (1) the number of the case; (2) the name of each party plaintiff and defendant; (3) the date of the filing of the petition; (4) the court in which filed; and (5) all the necessary averments required to show that the action was one of trespass to try title for the recovery of a league of land in Jefferson County, Texas, claimed by the estate of John York, deceased, and hence did contain not merely "a brief statement of the cause of action," but an unusually full statement of the cause of action, both in its terms, and from the fact that the petition in that particular case, being referred to, will be deemed as incorporated into, and made a part of, the citation as much so as if it had been copied therein in full. Wade on the Law of Notice, sec. 351; Pipkin v. Kaufman, 62 Texas, 547, 548, 549; Hinzie v. Kempner, 82 Texas, 620; Loungeway v. Hale, 73 Texas, 497.

Thomas Byrne, under whom appellant claims, having bought pending the suit No. 328, the proceedings and the judgment in that case have the same binding force and effect upon him, and this appellant, as they did upon John Linton, who was a party defendant in that case, and neither he nor they can dispute the binding force and effect of the proceedings and the judgment in cause No. 328 and the recitals in those proceedings and in that judgment are as conclusive upon the purchaser pendente lite as they were upon John Linton. Martin v. Burns, 80 Texas, 678; Foote v. Sewall, 81 Texas, 661; Lawler v. White, 27 Texas, 252; Long v. Brenneman, 59 Texas, 212; Hatch v. Garza, 22 Texas, 176; Giddings v. Steele, 28 Texas, 755; Murchison v. White, 54 Texas, 82; Letney v. Marshall, 79 Texas, 513; Martin v. Robinson, 67 Texas, 368; Fitch v. Boyer, 51 Texas, 336; Wilkerson v. Schoonmaker, 77

Texas, 617; Bordages v. Higgins, 1 Texas Civ. App., 49; Harrison v. McMurray, 71 Texas, 127; Armstrong v. Nixon, 16 Texas, 611; Musselman v. Strohl, 83 Texas, 476; Jones v. Robb, 80 S. W. Rep., 395; 5 Ency. of Pldg. and Prac., p. 37; Weaver v. Shaw, 5 Texas, 287; Giddings v. Steele, 28 Texas, 755; Moore v. Moore, 67 Texas, 297; Crawford v. McDonald, 88 Texas, 630; Martin v. Burns, 80 Texas, 678; Hart. Dig., arts. 697 and 698; Rev. Stats., arts. 1246-49.

REESE, ASSOCIATE JUSTICE.—Appellant brought this suit against appellees to recover a tract of 900 acres of land, a part of the David Choate league in Jefferson County. Upon trial by the court without a jury there was judgment for defendants, Beaumont Irrigating Company, et al., from which plaintiff Humphrey appeals.

The material facts are as follows: The league of land, of which the land sued for is a part and which lies on the south side of Pine Island Bayou in Jefferson County, was granted to David Choate in 1835. David Choate conveyed the league to John York in 1836. By power of attorney executed June 9, 1847, York gave James Cox full power and authority to sell and convey the league, under which power of attorney Cox sold and conveyed to Samuel L. Fowler, June 15, 1847. By deed dated October 10, 1857, Fowler conveyed the 900 acres in controversy to John Linton. All of these instruments were duly recorded in Jefferson County.

On May 26, 1859, Wm. R. Friend, the duly appointed and qualified administrator of the estate of John York, deceased, filed in the District Court of Jefferson County a petition in trespass to try title against Samuel Fowler, John Linton, S. G. W. Swift, Edward Arthur and Young Golman, to recover the David Choate league. The land sued for is described in the petition as containing one league of land being the same granted by the authorities of Coahuila and Texas to David Choate, lying in Jefferson County and situate on the north side of "Pine Island" and east of the old road leading from Pine Island Bayou to Bevil's Settlement, about 15 miles west of the Neches River. In addition to such full general description the field notes of the league, giving the boundaries, are set out in full in the petition. No service being had on Fowler, Linton and Arthur, at the May term, 1860, an order was made by the court reciting that necessary affidavit had been made, and ordering that service be had on them by publication. A citation was thereupon issued for Fowler, Linton and Arthur of which publication was duly made as required by law and return thereof made November 26, 1860.

The statement of plaintiff's cause of action contained in said citation is as follows: "Whereas, Wm. R. Friend, administrator of the estate of John York, deceased, on the 26th day of May, A. D. 1859, filed his petition in said court alleging that on the first day of June, A. D. 1857, he, petitioner, as administrator of the estate of John York, deceased, was seized and possessed as said administrator of said York, to one league of land, lying and situate in said county of Jefferson on the north side of Pine Island Bayou and while your petitioner, Wm. R. Friend, as administrator was so possessed and seized of said league of land on the 1st day of June, A. D. 1857, one Samuel L. Fowler, John Linton,

and Edward Arthurs, and others, with force and arms entered upon and took possession of said land and ousted and evicted the said Wm. R. Friend, Admr., therefrom, and have ever since retained and forcibly held possession thereof, using and enjoying the fruits thereof to the value of two thousand dollars by the year and to the damage of the estate of the said John York, deceased, and of your petitioner, as the administrator thereof, as aforesaid, ten thousand dollars." No other citation for these parties appears in the record. The cause was docketed as "No. 328."

The David Choate league was in Jefferson County, on the south side of Pine Island Bayou, which was, at the time of the institution of the suit, the northern boundary of Jefferson County from the Neches River to the east line of Liberty County. The record does not show that any pleadings were filed by any of the defendants except Swift, who was a resident of the State, and for whom answer and amended answers were filed by J. K. Robertson, his attorney. There was no appearance for any of the other defendants, unless such appearance be presumed from certain recitations in orders and judgments made, and hereafter referred to.

At the spring term, 1865, the death of Fowler was suggested and *scire facias* ordered to his legal representatives, but the record does not show that it was ever issued or served.

On the first day of the fall term, 1866, the cause was dismissed for want of prosecution, and on the third day of the term it was reinstated on the ground that the *scire facias* to Fowler's legal representatives had never been served, and alias was ordered to issue. The judgment of reinstatement recited that the "motion was argued by counsel for plaintiff and defendant."

At the spring term, 1868, an order was entered "Continued by consent." At this term Robertson had leave to withdraw the answer filed by him for Swift, for whom R. H. Leonard afterwards appeared as attorney.

At the spring term, 1869, the cause was continued, no counsel appearing for either party.

On May 6, 1869, John Linton sold and conveyed to Thomas Byrne the 900 acres in controversy, the deed being recorded in Jefferson County August 9, 1869.

Wm. R. Friend resigned as administrator of the estate of York in 1861 and in February, 1862, H. Clay Pleasants was appointed administrator *de bonis non,* but no *scire facias* was issued to him nor did he appear and make himself a party to the suit No. 328 until May 13, 1870, as hereinafter stated.

On November 2, 1869, the cause was again dismissed for want of prosecution. At the succeeding term, May 13, 1870, H. Clay Pleasants, as administrator *de bonis non* of the estate of York, filed a motion to reinstate, which was on the next day, May 14, 1870, reinstated on the docket. R. H. Leonard, attorney for Swift, filed his written consent that the cause be reinstated. The judgment of reinstatement is here given in full inasmuch as appellees insist upon the binding force of certain recitations therein as showing appearance by John Linton.

"Be it remembered that on this day came on to be heard the motion

to reinstate this cause, and thereupon the parties announced themselves ready for the hearing thereof, and the court, having heard the said motion and the evidence thereon and argument of counsel, and it appearing to the court that this cause was dismissed from the docket at the last term of this court and that the said entry of dismissal thereof was made when the said court was without jurisdiction to make the same, because the resignation of the said Wm. R. Friend, administrator of the said John York, had before that time been suggested, and it also appearing that no *scire facias* had ever been issued or served, before the said entry of dismissal, on the legal respresentatives of said York, deceased, to bring in the legal representatives of the said York to be made plaintiff herein, and the parties hereunto consenting.

"It is therefore considered, adjudged and decreed that the said motion be and is hereby sustained; that the said entry of dismissal be and is hereby set aside, vacated and annulled and held for naught, and the said cause be and the same is hereby reinstated in this court and placed on the docket thereof, and that the same proceed as if no entry of dismissal had been made. And thereupon H. Clay Pleasants makes known to the court that the said Wm. R. Friend, in the year 1861 resigned his trust as administrator of the estate of the said John York and that the said H. Clay Pleasants is now the administrator of the estate of the said John York, deceased, and asks the court that he be admitted here as the administrator of the said decedent, John York, to make himself as such a party plaintiff, which is hereby accordingly granted and that said H. Clay Pleasants as administrator of the estate of the said York, deceased, be admitted here as the legal representative and administrator as aforesaid, to prosecute in that capacity as plaintiff in this cause, and thereupon the parties, plaintiff and defendant, asked leave to amend, which leave is now granted, and thereupon this cause was continued by consent of parties."

On November 25, 1870, judgment final was entered in favor of Pleasants, administrator *de bonis non* of York, and against Samuel L. Fowler, Young Golman, John Linton, Edward Arthurs and S. G. W. Swift, for the league of land sued for, except 260 acres claimed by Swift for which he had judgment.

Both John Linton and Thomas Byrne were nonresidents of the State of Texas.

Although the motion to reinstate in May, 1870, was not made until the succeeding term after the suit had been dismissed, the record does not show any notice to any of the defendants of such motion, it appearing that in fact the order of reinstatement was made on the succeeding day after the motion was filed.

Appellant has, by mesne conveyances, whatever title was conveyed to Thomas Byrne by the deed to him of John Linton of May 6, 1869.

Appellees have by mesne conveyance under the heirs of York, whatever title his estate had under the facts herein stated. Linton having good title under York and having conveyed the same to Byrne, the title of appellant and his right to recover must be conceded unless the effect of the judgment in cause No. 328 was to divest the title conveyed to Byrne by Linton. Byrne having purchased before the judgment his title would not be affected thereby unless he purchased *pendente lite.*

The suit which resulted in the judgment against Byrne's vendor was instituted in 1860, several years before Linton sold to Byrne, but it is settled law in this State that *lis pendens,* in order to render the judgment in the cause binding upon a purchaser from a party to the suit, does not begin until the service of citation or process, or such voluntary appearance as would give the court jurisdiction. (Smith v. Cassidy, 73 Texas, 165.) This view is accepted by appellees, who insist that the citation by publication upon Linton in 1860 was sufficient for that purpose.

The law with regard to such service at that time was substantially the same as it is now as embodied in article 1235, Revised Statutes. (Pas. Dig., art. 25.) The citation in such case to nonresidents, and persons whose residence is unknown, was required to contain a "brief statement of the cause of action" and to be published for four consecutive weeks.

The citation to Linton was published as required by law, but it is insisted by appellant that it was ineffective to give the court jurisdiction as to him for the reason that it did not contain "a brief statement of the cause of action" as required by the statute.

The statute at that date, with regard to citations to be personally served, required such citation to be accompanied by a certified copy of the petition, and it was not required that the citation should contain anything more than the names of the parties and the time and place of holding court. (Pas. Dig., arts. 1430-1431.) Obviously, this was all that was necessary as a certified copy of the petition accompanied the citation. Afterwards, in the revision of 1879, the present statute was adopted, which required the citation in case of personal service, whether in or out of the county where the suit was instituted, to "state the nature of the plaintiff's demand." Construing this provision, it has been held that such citation need only contain, in a general way and without specific detail, the nature—the character and controlling characteristics—of the plaintiff's demand. (Pipkin v. Kauffman, 62 Texas, 548.) In the case cited, however, it is said: "The statute does not require a detailed and specific statement of the grounds of the plaintiff's action; nor yet does it, as in cases provided for in article 1235, Revised Statutes, for the publication of the citation in a newspaper, require that it shall contain 'a brief statement of the cause of action,' but only that it shall state 'the nature' of the plaintiff's demand."

In Loungeway v. Hale (73 Texas, 496), speaking with reference to a citation to be personally served, the court says: "It is not necessary that the citation should contain a statement of the cause of action, or the elements of the demand, but only its nature."

Article 1191, Revised Statutes, provides that the plaintiff's petition shall contain "a full and clear statement of the cause of action."

The citation for publication was required to contain "a brief statement of the cause of action," that is, the substance of the cause of action as stated in the petition, but briefly stated, instead of fully and clearly stated, as in the petition. The propriety and necessity of making this difference in the requisites of a citation intended for publication against nonresidents of the State, from one intended to be personally served upon a defendant in the county where the suit is pending, or upon such

defendant out of the county, accompanied by a copy of the petition, are too obvious to require argument.

It has been uniformly held that the statutes providing for such substituted service must be strictly construed. (Byrnes v. Sampson, .74 Texas, 84; Stegall v. Huff, 54 Texas, 196, and cases cited.) Speaking of such notice by publication the Supreme Court of Kansas says: "If courts commence refining upon what may be omitted in such notice, the door will be open to endless construction, and possibly to ingenious subterfuges by which the notice may be made to mislead instead of putting an absent defendant on his guard." (Cohen v. Trowbridge, 6 Kan., 392.)

Applying these principles of law to the citation by publication to Linton and his associate nonresident defendants in cause No. 328, we are clearly of the opinion that the citation was not such as was required by law to give the court jurisdiction of those parties, and the service thereof was not sufficient to put the law of *lis pendens* in motion as against Thomas Byrne as a purchaser from Linton.

The petition describes the land sued for, as we have seen, very fully and particularly. The citation was required to follow the petition in this particular, insofar as was necessary to contain the substance of what was contained in the petition, briefly stated, and omitting only so much as was not necessary to apprize the defendants of what was involved in plaintiff's demand against them.

The description in the citation of the land sued for as "one league of land lying and situated in said Jefferson County on the north side of Pine Island Bayou," leaving out of consideration the fact that the league was, in fact, south of Pine Island Bayou, was but very little more definite than a league of land, or tract of 4,428 acres of land, in Jefferson County.

Such a citation would hardly be sufficient in case of personal service, as stating "the nature of plaintiff's demand," and we think falls far short of the requirements of law in case of citation by publication. It may be admitted that if Linton had seen this publication it would have given him notice, or put him upon inquiry, of the fact that he was sued for this 900 acres of land, which his vendor Fowler had bought from York's administrator. This is very likely, but the same may be said if the citation as published had said nothing more than that the suit was b York's administrator for land in Jefferson County. Mere notice that suit has been brought against him does not require one to appe Linton was entitled to the notice required by statute, and in accordan with its terms, and without that, or voluntary appearance, the court ha no jurisdiction of him.

If this were all that there is in the record to show, by direct evidence or by necessary legal presumption, that Linton had been cited to appear, we would have no difficulty in concluding that Byrne was not a purchaser *pendente lite,* and was not bound by the judgment. But appellees insist that from the recitals in the proceedings in the cause, and in the final judgment, it must be presumed that Linton was cited or voluntarily appeared.

It must be stated here that this is not a case either of collateral or direct attack on the judgment in cause No. 328, as those terms are used

in discussing the effect of presumptions of appearance or service of process in establishing the validity of judgments. Appellant claims under a purchase from Byrne who bought from Linton, one of the defendants, before the rendition of the judgment. It is not necessary to the validity of his title that he should attack the validity of the judgment. He may safely admit that it was binding upon all of the parties to it, but it is necessary to the validity of appellees' title that they should affirmatively show that the judgment was binding upon Byrne and divested him of the title conveyed to him by Linton. Having bought before the judgment, this can only be done by showing that he bought at such a time and under such circumstances that the judgment was binding upon him, that is, that he purchased *pendente lite.* The record shows good title in appellant, through Byrne, unless Byrne's title was divested by the judgment. Relying upon the judgment then, the burden was upon appellees to show such facts as would make the judgment binding upon Byrne. To put it more plainly, they must show, that at the date of the sale and conveyance to Byrne by Linton, May 6, 1869, there had been either service upon, or voluntary appearance by, Linton in the suit. (Sidbury v. Ware, 65 Texas, 252; Leitch v. Wells, 48 N. Y., 585.) This might be done notwithstanding the invalidity of the citation in the record as service, by presumption drawn from recitals in the record, just as such presumptions are resorted to in the absence of other direct evidence of service of process.

These presumptions are, however, arbitrary presumptions, resorted to from public policy and from the necessity of protecting the validity of judgments, and resting upon that other general presumption that legal proceedings have been conducted, and judgments vesting and divesting rights rendered, lawfully and with proper authority where the contrary does not appear. There is no authority to stretch these presumptions of regularity further than is necessary to show that the particular proceeding had, or order made, was lawful and authorized.

The recitations in the record that the cause was continued by consent, can not be construed as meaning that it was by consent of Linton in the face of the facts shown by the record that the defendant Swift was always present actively protecting his interests, under written pleadings, and that not only is there no pleading filed by or for Linton, but there is no reference to him by name from first to last in the record, except in the order to cite him by publication, and in the final judgment.

It is stated in the order reinstating the cause at the fall term, 1866, that the motion to reinstate "after being argued by counsel for plaintiff and defendant" was sustained. In view of the facts stated above it would be an altogether unauthorized presumption from this, that Linton was the defendant whose counsel argued this motion. And it must be borne in mind that it was in no wise necessary to the validity of the continuances, by consent or otherwise, of the cause, nor to the order of dismissal for want of prosecution, nor to the order of reinstatement at the fall term, 1866, nor to the truth of the recitals referred to, that Linton should have either been cited or have appeared in the cause.

The suit was again dismissed in November, 1869, and reinstated at the succeeding term, May, 1870. In the order of reinstatement it is recited that the motion came on to be heard "and thereupon the parties

announced themselves ready for the hearing thereof." The case having been reinstated it is further recited in the same order, "and thereupon the parties plaintiff and defendant asked leave to amend, which leave is granted and thereupon this cause is continued by consent of parties."

It might be conceded that these recitations authorize the presumption that Linton was then represented in court as one of the parties referred to, and this presumption has this to support it, that the court was not authorized to reinstate the cause, after the term at which it had been dismissed, without notice to the parties. (Townsend v. Munger, 9 Texas, 311; Armstrong v. Nixon, 16 Texas, 614.)

But if this be conceded, it is to be presumed only that Linton appeared to this motion, and was then and upon the hearing of the motion and thereafter, represented in court. It is not necessary to the validity of the order to carry the presumption further, and we would not be authorized to do so. (22 Am. and Eng. Ency. of Law, 1239; Sidbury v. Ware, 65 Texas, 252.) This, however, was a full year after the sale and conveyance by Linton to Byrne, and does not discharge the burden upon appellees of showing affirmatively that Linton was in court, actually by voluntary appearance, or constructively by service of process, at the time of, or prior to, the sale and conveyance to Byrne.

Final judgment was rendered on November 25, 1870. Unquestionably this judgment contains recitals from which it will be presumed that the court had at that time acquired jurisdiction of Linton, as a party defendant. It is recited that S. G. W. Swift appeared by attorney and "that it appeared that the other defendants had been duly cited by publication."

The citation by publication in the record being insufficient, it must and will be presumed that another and sufficient citation had been issued for Linton and the other nonresident defendants and had been duly served. There is no authority to carry the presumption further. This judgment was a year and a half after the date of the sale and conveyance to Byrne. This does not show, nor are we authorized to presume, that this citation by publication was prior to the conveyance to Byrne. Being an arbitrary presumption, very likely against the truth of the matter, we can not carry it further than is necessary to sustain the judgment as against the parties to it, without reference to its effect upon others not parties.

The appellees have not shown a judgment binding upon Thomas Byrne; have not affirmatively shown that he was a purchaser *pendente lite;* and their title must fail.

We have assumed that the two dismissals and reinstatements were regular and proper and preserved the continuity of the litigation, presuming from the recitals in the order of reinstatement at the May term, 1870, that Linton appeared to the motion.

We agree with the trial court in the thirteenth paragraph of the findings of fact that the disturbed condition of the country from 1860 to 1870 was a sufficient excuse for the delay in trial of the cause No. 328. (Jones v. Robb, 80 S. W. Rep., 401.)

We conclude that the trial court erred in its conclusion of law that Byrne was a purchaser *pendente lite,* and bound by the judgment against Linton.

It appears conclusively from the findings of fact of the trial court that appellant has title to the land in controversy, unless title was divested out of Byrne by the judgment against Linton referred to, which we have concluded was not done. The judgment is therefore reversed, and judgment here rendered for appellant.

*Reversed and rendered.*

### OPINION ON MOTION FOR REHEARING.

At the request of appellees the following additional findings of fact, which, however, we do not consider material, are made, the conclusions of fact of the trial court being adopted by this court, as to such findings:

"That on the docket of the District Court of Jefferson County, Texas, where this cause appears docketed, at the spring term of 1860 at the place on said docket where the names of the attorney for the defendants appear it shows that Robertson was attorney for the defendant Swift and it appears from a file paper in said cause that J. K. Robertson filed an answer for the defendant S. G. W. Swift on November 24, 1860; it further appears from the dockets of said court for the fall term of 1860, spring term, 1861, the fall term, 1861, the spring term, 1863, the spring term, 1865, the fall term, 1866, the spring term, 1867, the fall term, 1867, and the spring term, 1868, in the place on said docket for placing the names of the attorneys, that the name Robertson appears as attorney for Swift, et al., without indicating what defendants were embraced by the term "et al.;" that on May 28, 1861, and November 20, 1861, the defendant S. G. W. Swift, by Robertson, his attorney, filed amended answers; that at the spring term, 1868, said cause was continued by consent and at the same term, John K. Robertson, attorney for Swift, had leave to withdraw an answer filed by him for the defendant Swift; that at the fall term, 1868, said cause was continued by consent; that at the spring term, 1869, and on May 5, 1869, said cause was continued, the order reciting that no counsel appeared for either party."

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.