FIRST STATE BANK & TRUST CO. OF HEREFORD v. SOUTHWESTERN ENGINEERING & CONSTRUCTION CO.

(Court of Civil Appeals of Texas. San Antonio. May 31, 1911.)

CORPORATIONS (§ 548*) — CREDITORS' SUIT — HOLDING LAND—BENEFICIARY UNDER RESULTING TRUST.

Where a petition in a suit to subject certain land to the payment of the debts of a construction company alleged that the land had been purchased in the name of a townsite company, and by it conveyed to another corporation for a consideration paid by the construction company, and that the grantee held the title for the latter to defraud its creditors, the officers and stockholders of both corporations being the same, it was not demurrable because the construction company had no authority to hold lands, under the rule that such an ultra vires act was not void, and could only be dealt with

to the detriment of the offending corporation by the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2186; Dec. Dig. § 548.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by the First State Bank & Trust Company of Hereford, Tex., against the Southwestern Engineering & Construction Company and another. From a judgment for defendant named, plaintiff appeals. Reversed and remanded.

Barcus & North, for appellant. Lumpkin, Merrill & Lumpkin, for appellee.

JAMES, C. J. The action was brought by appellant against the Southwestern Engineering & Construction Company and F. M. Barden on a note for $1,230.60 executed by said Construction Company, payable to the order of the First State Bank of Hereford, Tex., and by it transferred to appellant. The petition alleged that F. M. Barden was the president of defendant Construction Company and also president of the Colorado, Hereford & Gulf Townsite Company, that the officers of both these companies were the same, that the property and interests of one were the property and interests of the other, and that both were corporations incorporated under the laws of the state, of New Jersey; that on November 10, 1908, W. C. Cullen conveyed a certain tract of land to the Colorado, Hereford & Gulf Townsite Company, and on July 25, 1909, said Townsite Company conveyed same to F. M. Barden; that said survey is in the name of Barden, but is the property of said Construction Company; that it was paid for with money belonging to the Construction Company, and said Barden holds same in trust for said company; that Barden, with the other officers and stockholders of both said companies, entered into a conspiracy to defraud the creditors of the Southwestern Engineering & Construction Company out of their debts, and especially this plaintiff, and said section of land was conveyed to Barden for the sole purpose and with the intent and design on the part of defendants to place said property beyond the reach of the creditors of said Construction Company. The prayer was for citation, for judgment against said Construction Company on the note, and that said section of land be declared the property of said Construction Company, etc. A writ of attachment was sued out and levied on the tract. The court sustained a general demurrer of Barden to the petition, and, plaintiffs refusing to amend, judgment of dismissal was entered in favor of Barden, and the court, finding that personal judgment could not be rendered against the Southwestern Engineering & Construction Company, it having been served by notice as a nonresident corporation, dismissed the cause generally.

The only assignment of error is that the court erred in sustaining the general demurrer. Appellee supports the ruling by the following propositions: (1) "When a corporation is not authorized to take and hold lands under the terms of its charter, a court of equity will not aid it to enforce a trust and thereby acquire the title to land"—citing Case v. Kelly, 133 U. S. 21, 10 Sup. Ct. 216, 33 L. Ed. 513. (2) "A corporation has no power to extend its credit to foster the interest of another corporation, even though the officers of one are the officers of the other"—citing Northside Ry. Co. v. Worthington, 88 Tex. 562, 30 S. W. 1055, 53 Am. St. Rep. 778. (3) "There is no authority in law to subject the capital stock and assets of one corporation to the liabilities and debts of another corporation"—citing Pearce v. R. R. Co., 21 How. 441, 16 L. Ed. 184.

The petition, in our opinion, stated a cause of action. The action is to recover judgment against the Southwestern Engineering & Construction Company on its note held by plaintiff, and to subject to its judgment the tract of land attached as the property of such corporation. Apparently said corporation had no power to acquire and hold land. The petition alleges that it bought and its money paid for the land, and the title thereto taken in the name of Barden for its use and benefit. The case of Case v. Kelly went no further than to hold that in such circumstances equity will not extend its aid to enforce the execution of a deed to the corporation. The Supreme Court of this state has apparently disapproved of this ruling in Scott v. Farmers' & Merchants' Nat. Bank, 97 Tex. 31, 75 S. W. 15, 104 Am. St. Rep. 835. The Supreme Court of Appeals of Virginia likewise. Fayette Land Co. v. Louisville & N. R. Co., 93 Va. 274, 24 S. E. 1016. The true rule,. as we conceive, is that such an ultra vires act is not void, and can only be dealt with, to the detriment of the offending corporation, by the state. If the facts alleged are true, the tract was the property of the Construction Company and subject to its debts. We approve the views expressed in the case last cited, and therefore reverse the judgment of the district court and remand the cause. Russell v. Railway Co., 68 Tex. 646, 5 S. W. 687.

Reversed and remanded.