FIRST STATE BANK & TRUST CO. OF HEREFORD v. SOUTHWESTERN ENGINEERING & CONSTRUCTION CO. et al.

(Court of Civil Appeals of Texas. Amarillo. Jan. 25, 1913. Rehearing Denied Feb. 22, 1913.)

1. APPEAL AND ERROR (§ 904*) — PRESUMPTIONS OF SERVICE OF PROCESS—RECITAL IN JUDGMENT.

Where the judgments both on the former and the present trials recited that a defendant was duly cited, and the question of citation was not raised until on appeal in the second trial, it will be presumed that such defendant was duly served.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3671; Dec. Dig. § 904.*]

2. APPEAL AND ERROR (§ 783*)—DISMISSAL—REVERSAL AND REMAND—FAILURE TO SERVE.

An appeal by plaintiff should not be dismissed because a necessary party defendant was not cited to appear and did not voluntarily appear, but the judgment for defendant should only be reversed and the cause remanded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3125; Dec. Dig. § 783.*]

3. FRAUDULENT CONVEYANCES (§ 286*)—ACTIONS—ADMISSION OF EVIDENCE.

In an action on a note executed by defendant, in which land claimed by B. was attached, which plaintiff claimed was purchased by a town-site corporation for defendant, and transferred to B. to defraud defendant's creditors, evidence that defendant had the same rights in the land as the town-site company, as defendant stockholders owned the town-site company, was admissible.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 822–834, 863–866; Dec. Dig. § 286.*]

4. EVIDENCE (§ 471*)—OPINION EVIDENCE—CONCLUSIONS.

A question whether a construction company was not a distinct corporation from a town-site company, answered by stating that it was the "parent company of the two," was not objectionable as calling for a conclusion of a mixed question of fact and law and for a condition which could not legally exist.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

5. EVIDENCE (§ 158*) — BEST EVIDENCE — STOCK RECORDS.

One who actually knew that a construction company owned the stock of another company could so testify as against an objection that the stock records were the best evidence on the question, especially where it was claimed that the construction company had purchased land through the town-site company, and that the town-site company transferred it to defraud the construction company's creditors.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 471–473, 474½–526; Dec. Dig. § 158.*]

6. EVIDENCE (§ 158*)—BEST EVIDENCE—CORPORATE CHARTER.

While ordinarily the business which a corporation was chartered to conduct must be stated in its charter, the purpose of its organization may be shown independent of the charter recitals.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 471–473, 474½–526; Dec. Dig. § 158.*]

7. TRUSTS (§ 87*)—RESULTING TRUST—ADMISSION OF EVIDENCE.

Where, in an action on a note executed by defendant construction company, in which land purchased by a town-site company was attached on the ground that it was held for the construction company, evidence that the town-site company was organized to hold land for the construction company and was owned by the latter's stockholders was admissible, as showing a resulting trust of the lands in the hands of the town-site company.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 129; Dec. Dig. § 87.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by the First State Bank & Trust Company of Hereford against the Southwestern Engineering & Construction Company, in which an attachment was issued against land claimed by F. M. Barden, another defendant. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

See, also, 138 S. W. 443.

G. W. Barcus, of Weatherford, and Jno. C. North, of San Antonio, for appellant. Cooper, Merrill & Lumpkin, of Amarillo, for appellees.

HALL, J. The basis of this suit is a note for the sum of $1,230.60, executed by the ap-

pellee the Southwestern Engineering & Construction Company, payable to the order of the First State Bank of Hereford, six months after date, of which note plaintiff in error became the owner prior to the institution of the suit. Upon the filing of the original petition, plaintiff in error sued out a writ of attachment and had it executed by levying upon a certain section of land in Deaf Smith county. This land is claimed by appellee F. M. Barden. Plaintiff in error alleged that F. M. Barden was the president of the appellee Construction Company; that the officers of said Engineering & Construction Company and the officers of the Colorado, Hereford & Gulf Town-Site Company were the same; that the said Town-Site Company was a subsidiary corporation to the Construction Company; that the said Construction Company furnished the money to the said Town-Site Company with which to purchase lands for town sites and over which and through which the said Construction Company was to build a line of railroad; that the Town-Site Company had no funds, and as a matter of convenience, merely, 'title to the lands was taken in the name of the Town-Site Company, but that the stock of same was owned by the said Construction Company; that in furtherance of the agreement between said companies, the Town-Site Company purchased the section of land in question with the funds of the Construction Company, paying therefor the sum of $8,090; that said section of land was purchased from W. H. Rayzor and first conveyed to W. A. Cullen and by him to the Town-Site Company, but that the Construction Company furnished all the money used in paying for said land. It is further alleged that after the note sued on was 'executed without any consideration and for the fraudulent purpose of putting the said section of land beyond the reach of its creditors, and especially plaintiff in error, the Town-Site Company conveyed the land to the said Barden. It is further alleged that the said section of land was all the property owned by the Construction Company in the state of Texas or belonging to and in the name of the Town-Site Company, that, by the conveyance to said Barden of the land, both corporations became insolvent; that Barden knew at the time the section of land was conveyed to him the fraudulent purpose of the Construction Company and that the same was being held in the name of the Town-Site Company for the Construction Company, and that the claim of the said Barden was fraudulent and an attempt on his part to defraud plaintiff in error. Plaintiff in error further alleged that, if it was mistaken about the said Barden holding the property fraudulently, then he was holding it as trustee for the Construction Company, and that he knew the condition of the title when he had the property conveyed to him. There was a prayer for judgment for the amount of the debt, principal, interest, and attorney's fees, costs of suit, for foreclosure of the attachment lien, and for general and equitable relief. The defendant in error the Southwestern Engineering & Construction Company made no appearance and filed no answer. Defendant in error Barden answered by demurrers, general and special, general denial, and alleged that he was an innocent purchaser for value of the land, denied partnership between the Construction Company and the Town-Site Company; that, if the said two corporations were partners, it was void, and their acts were void and against public policy; that he had advanced large sums of money, to wit, about $5,500, to the Town-Site Company on condition that it would have the said land conveyed to him and that said Town-Site Company did have said land conveyed to him; that he paid debts of the Town-Site Company with his own funds. When all parties had closed in the introduction of the testimony, the court peremptorily instructed the jury to find for defendants in error.

This is the second appeal of this cause. On the former appeal the judgment was reversed because the court erred in sustaining a general demurrer to the petition. 138 S. W. 443.

Defendant in error Barden has filed a motion, asking this court to dismiss the application for writ of error, upon the ground that we had no jurisdiction to hear and determine the matters in issue because the Southwestern Engineering & Construction Company was not cited to appear in the trial court and did not voluntarily appear; that the Construction Company is a foreign corporation, chartered under the laws of New Jersey. A notice to serve nonresident defendants was issued by the district court of Deaf Smith county, for the purpose of serving the said Construction Company, and F. W. Barden, as the defendant. A copy of the notice, together with the return, having been brought into this court by certiorari, we find the return to be as follows: "State of Ohio, County of Butler. Personally before me appeared the undersigned authority, Harry A. Metcalfe, deputy sheriff, who, being by me duly sworn, deposes and says that on the 24th day of November, 1909, at 9 o'clock a. m., in Hamilton, county of Butler, state of Ohio, he delivered to F. W. Barden, the defendant, in person, a true copy of this notice with a certified copy of the plaintiff's petition accompanying the same and further that he is an adult male and is in no manner interested in this suit." This was signed and sworn to the 24th day of November, A. D. 1909.

[1, 2] In reply to this motion, plaintiff in error has shown that at the time citation in the transcript was issued there was also issued a nonresident notice for the defendant in error the Southwestern Engineering & Construction Company, and the same day was by the attorney for plaintiff in error sent to be served, and that it was served and returned and filed with the papers in the

case. It is further shown that, during the time while the cause was pending on the former appeal, all of the original papers in the case were lost, and by agreement of parties the pleadings were substituted, and that the only original notice to serve nonresident defendant, which was ever found, is the one which appears in the transcript. It further appears that the judgment of the trial court, both on the former trial, as well as this trial, recites the fact that the Construction Company had been duly cited, and this is the first time the question of notice to the Construction Company has been raised, and even now it is only raised by the defendant in error Barden. It is said in Humphrey v. Beaumont Irrigating Co., 41 Tex. Civ. App. 317, 93 S. W. 184: "Unquestionably, this judgment contains recitals from which it will be presumed that the court had at that time acquired jurisdiction of Linton as a party defendant. It is recited that S. G. W. Swift appeared by attorney, and 'that it appeared that the other defendants had been duly cited by publication.' The citation by publication in the record being insufficient, it must and will be presumed that another and sufficient citation had been issued for Linton and the other nonresident defendants and had been duly served." And in our judgment we should presume in this case that the Construction Company was duly served, prior to the time of the trial. The motion to dismiss the appeal is overruled, and, if we were required to take any action by reason of the facts set up in the motion, it would be our duty not to dismiss the appeal, but to reverse and remand the cause. Stewart v. Anderson, 70 Tex. 558, 8 S. W. 295.

It is insisted by plaintiff in error that the court erred in peremptorily instructing a verdict for the defendant in error, and that the instruction should have been to return a verdict in favor of the plaintiff. The court, upon objection, excluded some important testimony, which in our judgment should have been admitted, and, if admitted, was sufficient to require the court to have submitted the issues raised by the pleadings to the jury.

[3] The fifth assignment submits that the court erred in excluding the interrogatory and answer of the witness W. A. Cullen to the ninth interrogatory propounded to said witness. It appears that W. A. Cullen had been connected with the Town-Site Company, and also with the Construction Company; that he held one share of stock in the Construction Company and was president and director of the Town-Site Company, until he retired in May, 1908. The question asked him was: "What interest, if any, has the Construction Company in said land?" To which he answered: "The same rights that the Town-Site Company have, as they are the owners of the Town-Site Company." This evidence was objected to on the grounds that it called for a conclusion of the witness. If we should admit that the question calls for his conclusion, it failed of its purpose, because his answer states as a fact that the Construction Company had the same rights as the Town-Site Company, as they are the owners of the Town-Site Company. This witness is the stockholder in the Town-Site Company who purchased the land in question prior to the organization of the Town-Site Company, and after its organization conveyed the land to the Town-Site Company, and it appears from his testimony that the entire negotiations were through him. We think the court erred in excluding the evidence. There was an allegation of fraud, and, under the issue of actual ownership, there was error in excluding it.

[4] Plaintiff further assigns error to the action of the court in excluding the following interrogatory, addressed to this witness, and his answer, which are as follows: "Is it not a fact that the Southwestern Engineering & Construction Company is a separate and distinct corporation from the Colorado, Hereford & Gulf Town-Site Company? A. It is the parent company of the two." The objection upon which this interrogatory and answer were excluded is because it calls for a conclusion of a mixed question of law and fact and calls for something that could not exist under the law. The objection was not well taken and should have been overruled and the evidence admitted.

[5] In our opinion, there was error in excluding the following interrogatory and the answer thereto: "Is it not a fact that all property and assets of the Colorado, Hereford & Gulf Town-Site Company belong to it and its stockholders? A. No, it belongs to the stockholders of the Southwestern Engineering & Construction Company." This evidence was objected to on the ground that the stock books are the best evidence of the ownership of the stock. It had not been shown that there was any stock book in existence, or that there was any statute requiring transfers of stock to be shown by the stock book or records of the company, and it further appeared from the testimony that defendant in error Barden had possession of all the records of both companies, and that the records were beyond the jurisdiction of the court. Independent of all this, however, if the witness Cullen had actual knowledge of the fact that the Construction Company owned the stock, in the light of this record, he had the right to so testify, regardless of what might be shown by the stock book or other records of the company.

The witness Adams, by deposition, testified in the case, and the following interrogatories and answers propounded to him were excluded: "What was the purpose of organizing a Town-Site Company? A. As a holding company for real estate purchased in Texas by the Construction Company. Q. It is a fact, is it not, that the Town-Site Company was organized for the purpose of holding

town sites of the Southwestern Engineering & Construction Company, and, if this is not a fact, then please state the facts. A. It is a fact. Q. Is it not a fact that the funds of the Colorado, Hereford & Gulf Town-Site Company belonged to it and its stockholders? A. It is, but the Construction Company owns all of the stock of the Town-Site Company."

[6] The objection was urged to part of this testimony that the stock books were the best evidence of the ownership of the stock, and that the charter was the best evidence of the purpose for which the company was organized. While it is true, ordinarily, that the business which a corporation was chartered to conduct must be set out in the charter, the purpose which the promoters and incorporators had in organizing the particular corporation may be inquired into, independent of the recitals in the charter.

[7] Plaintiff in error was insisting that the relation between the two corporations under consideration was such that the acquisition of the land by the Town-Site Company created a resulting trust in favor of the Construction Company, and all this testimony was pertinent and should have been admitted upon that issue. We shall not discuss the weight of the evidence further than to say that, if admitted, it was clearly the duty of the trial court to have submitted all the issues to the jury for their consideration.

For the error indicated, the judgment is reversed, and the cause remanded.