### JACKSON v. JACKSON. (No. 8288.)

(Court of Civil Appeals of Texas. Galveston. Feb. 15, 1923. Rehearing Granted March 1, 1923.)

Divorce ⟨⟩202—Description of property involved in citation by publication on nonresident defendant held insufficient.

A citation by publication on a nonresident defendant in an action for divorce, describing property involved as "three and 6/100 acres of land out of the Austin addition to the town of Hitchcock, Galveston county," held an insufficient description of the property involved to sustain the judgment thereafter rendered.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

In action for divorce by Ida Jackson against Dave Jackson. Judgment for plaintiff, and defendant appeals. Judgment reversed, and cause remanded.

L. R. Patton, of Galveston, for appellant.

GRAVES, J. In this cause the court below awarded Ida Jackson a divorce from Dave Jackson, gave her the custody of their minor child, and further decreed as follows:

"It is further ordered by the court that 3.6 acres of land out of the northeast part of lot No. 21 of the subdivision of a tract of 231.22 acres of land, out of the S. F. Austin league No. 4, on the north bank of Highland bayou, Galveston county, Tex., be and the same is hereby awarded to the plaintiff, Ida Jackson."

It was recited that the defendant, Dave Jackson, although having been duly cited by publication, failed to appear and answer, and that a practicing attorney of the court was appointed, who appeared and answered for him. The citation by publication had been issued against defendant pursuant to plaintiff's affidavit that he was a nonresident of the state of Texas. Subsequent to the rendition of this judgment the defendant, Dave Jackson, did appear by his attorney, and filed a motion to set aside the judgment and grant a new trial on the ground, among others, that the citation by publication con-

---

tained no such description of property as that quoted from the recitations in the judgment nor any description sufficient to advise the defendant so cited as to what property the suit put in litigation. The court below overruled the motion, and this appeal followed.

The only attempt at the description of any property contained in the citation by publication on which the judgment was rendered was this: "Three and 6/100 acres of land out of the Austin addition to the town of Hitchcock, Galveston county, Texas." Obviously this identifies no particular property, nor furnishes the means of doing so, and hence in legal effect is no description at all.

Appellant's contention here that in consequence the judgment was not binding upon him is sustained. "Borden et al. v. City of Houston, 26 Tex. Civ. App. 29, 62 S. W. 426; Humphrey v. Beaumont Irrigation et al., 41 Tex. Civ. App. 308, 93 S. W. 180."

The judgment is reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

The appellee, in a motion for rehearing in this cause, directs the court's attention to the fact that there was no assignment of error in appellant's brief complaining of that part of the trial court's judgment herein awarding a divorce as between the parties, and in consequence moves that so much of the judgment below be affirmed; and that under this court's reversal of the action taken below, the cause be remanded to the trial court for further proceedings upon the issue of the property involved only.

The motion is well taken, and has been granted; our former judgment reversing and remanding the entire cause is therefore modified so as to remand it for further trial upon the property issue alone.

Appellee's motion for rehearing granted.