EMMA O. BORDEN ET AL. v. CITY OF HOUSTON.

Decided April 9, 1901.

**1.—Citation by Publication—Stating Cause of Action—Judgment—Taxes.**

In an action to enforce a lien for taxes a citation by publication against nonresidents, stating as the cause of plaintiff's action only a gross sum as due from all the defendants as taxes for certain years on land described only as so many acres of a named survey in a given county, is not sufficient to support a judgment by default against defendant for separate amounts of the taxes due on separate parcels of the land.

**2.—Judgment Against Nonresidents—Foreclosure of Tax Lien.**

In an action against nonresidents, cited by publication, brought to foreclose a lien for the gross amount of taxes on land, a judgment finding that defendants own the land in severalty, and in two separate tracts, and ordering both tracts to be sold to satisfy the gross sum, was in effect a personal judgment against each defendant, not authorized by the statute in case of such service by publication, nor by the pleadings in the case.

**3.—Pleadings—Exhibits—District Court Rule 19.**

Where an exhibit is used as an adjunct to a pleading, the pleader, by virtue of District Court Rule No. 19, is not thereby relieved from making the necessary allegations of what the exhibit may be the evidence in whole or in part.

Error from Harris. Tried below before Hon. John G. Tod.

*Hutcheson, Campbell & Hutcheson,* for plaintiff in error.

GILL, ASSOCIATE JUSTICE.—The city of Houston, a municipal corporation, filed suit on the 15th day of April, 1899, against Emmo O. Borden, T. P. Borden, Carrie B. Miller and J. B. Miller, plaintiffs in error, and other persons not parties to this writ of error, for the recovery of $2131.35 in gross, being taxes, interest, and costs alleged to be due upon 10.02 acres of land, situated in said city, for the years 1887, 1890, 1891, 1893, 1894, 1896, 1897, and 1898. Personal service was had upon defendants J. H. Burnett and M. Ullman, who were residents of the State, but prior to trial the suit was dismissed as to Ullman.

The other defendants, viz., J. W. Johnson and wife, Mrs. Isabel Johnson, Emma O. Borden and her husband T. P. Borden, Milbank Johnson, Mrs. Carrie B. Miller and her husband J. B. Miller, and Gail B. Johnson, were nonresidents of the State, and such service as was had upon them was by publication. The suit was dismissed as to all the nonresident defendants except these plaintiffs in error, and upon trial before the court without a jury judgment was rendered in favor of the city of Houston for the sum alleged to be due and costs and foreclosure of tax lien. In this judgment the court adjudged a specific sum to be due by J. H. Burnett on a specific part of the land in question, adjudged a lien to exist upon that part of the land to secure its payment, rendered a personal judgment against Burnett therefor, and foreclosed the lien. Burnett has not appealed.

The court sought to avoid the rendition of a personal judgment against the nonresidents, and rendered a decree against each of them for the

taxes found to be due upon their interests in the land, finding their interests in severalty, and foreclosing a lien on the land owned by each for the taxes thus found to be due. The plaintiffs in error named above have brought the cause before us for revision and assign numerous errors.

The petition asserted a gross sum due on the 10.02 acres, and a joint liability therefor by all the defendants. It had attached thereto, marked Exhibit "A" and made a part thereof, the following statement, certified as a copy of a part of the city tax rolls affecting the property in question for the nears named.

"Exhibit A."

| Year. | No. Lots or Acres. | Side of B B | Name of Sur. of Add. | Value Dollars. | Am't of Tax. |
|---|---|---|---|---|---|
| 1887 | 10 6-10 | South | Obedience  Smith | $20,000 | $  400 |
| 1890 | 10 6-10 | South | Obedience  Smith | 36,050 | 721 |
| 1891 | 4 | South | Obedience  Smith | 9,000 | 180 |
| 1893 | 2 | South | Obedience  Smith | 2,000 | 40 |
| 1894 | 2 | South | Obedience  Smith | 2,000 | 40 |
| 1894 | 1 | South | Obedience  Smith | 1,000 | 20 |
| 1894 | 2 | South | Obedience  Smith | 2,000 | 40 |
| 1896 | 1 | South | Obedience  Smith | 4,000 | 80 |
| 1896 | 1¼ | South | Obedience  Smith | 4,000 | 80 |
| 1896 | 1½ | South | Obedience  Smith | 4,450 | 89 |
| 1896 | 1¼ | South | Obedience  Smith | 5,000 | 100 |
| 1896 | 6 9-10 | South | Obedience  Smith | 7,000 | 140 |
| 1897 | 1¼ | South | Obedience  Smith | 4,000 | 80 |
| 1897 | 1¼ | South | Obedience  Smith | 5,000 | 100 |
| 1898 | 1 | South | Obedience  Smith | 4,000 | 80 |
| 1898 | 1¼ | South | Obedience  Smith | 4,300 | 86 |

$2,276

CREDIT.

By cash account year 1897........................$30.00
By cash account year 1890........................ 54.65
By cash account year 1891 (¼) ................. 60.00 $  144.65

Balance  ..............................................$2,131.35

There was also appended to and made a part of the petition part of a decree of partition which indicated among other things that the 10.02 acres of land had been partitioned among defendants, and that tracts designated on an attached plat as "A 1" and "A 2" belong to Carrie B. Miller and her husband, and that tracts "C 1" and "C 2" belonged to Emma O. Borden and her husband.

The first assignment of error assails the judgment of the trial court on the ground that the citation was defective and insufficient to give the court jurisdiction over the property of the nonresidents for the purposes

of the suit. The objection urged against the citation by publication is that it does not describe the nature of the suit against plaintiffs in error. It was nowhere alleged in the body of the petition that the several tracts composing the 10.02 acres were ever severally rendered or assessed. A gross sum is alleged to be due, and there is nothing in the body of the petition to indicate what specific sum is claimed against each of the alleged owners, or what sums are chargeable to each separate tract. The citation by publication as shown by the record nowhere refers to either of the exhibits, and describes only in a general way the cause of action as contained in the body of the petition. Plaintiffs in error did not appear and answer in the cause, either in person or by attorney, and were represented by an attorney appointed by the court.

The brief statement in the citation by which the nature of the action is sought to be described is as follows: "The petition alleging that defendants" [referring to all the defendants] "are justly indebted to plaintiff in the sum of $2131.35. amount taxes due plaintiff for the years [naming them] on 10.02 acres of land, a part of the Obedience Smith survey, S. S. B. B. (south side Buffalo bayou), Harris County, Texas, together with interest and cost." Prayer for judgment for the sum named and foreclosure of the lien.

It has been frequently held that article 1214 of the Revised Statutes providing for citation of defendants within the county where the suit is brought must be strictly complied with to support a judgment by default. Dunn v. Hughes, 36 S. W. Rep., 1084. It has been held, however, that the provision therein requiring the citation to set forth a statement of the nature of plaintiff's demand is satisfied by a substantial compliance with the requirement. Hinzie v. Kempner, 82 Texas, 617; Railway v. Burke, 55 Texas, 323. Citation by publication, however, being at best but a substitute for personal service and ex parte in its character, the requisites prescribed by law should be strictly complied with. Stegall v. Huff, 54 Texas, 196, and authorities cited. In Ford v. Baker, 33 Southwestern Reporter, 1036, it was held that in a suit of trespass to try title and to remove cloud, a citation, though personally served, was void because it did not contain a description of the land to be affected by the suit.

The article of the statute prescribing the requisites of a citation by publication requires more than must be contained in a citation to be served in the county where the suit is instituted. In the latter it need state only the nature of the plaintiff's demand, whereas in the former it must contain a brief statement of the cause of action. Rev. Stats., art. 1235. Inasmuch as article 1230, controlling citation by personal service of notice on persons out of the State, requires that a copy of the petition shall accompany the notice, it is plain the Legislature intended that the nonresident defendant should be placed in full possession of the nature of the plaintiff's demand and of such facts as would put him on full notice of the extent to which his interests might be affected. In the service of any process the law contemplates that the defendant shall

thereby be sufficiently advised of the nature of the suit to fairly determine whether it is worth his while to go to the expense of making a defense. The suit might be such as he might not care to resist, or against which he might know he had no valid defense. Dunn v. Hughes, supra. See also Pipkin v Kaufman, 62 Texas, 545, in which the rule seems to be recognized that a more explicit statement is required in citation to nonresidents by publication than in citation by personal service.

It seems to us that the reason which controlled the Legislature in omitting to require the publication of the petition in service by publication, though a copy is required in service by notice, must have been that in many cases the publication of a lengthy pleading would be impracticable, or the expense out of all proportion to the amount involved, and we do not think it can be fairly held that notice less explicit was intended in the one case than in the other. Certainly the necessity for full knowledge of the facts is equally great in each instance. We are therefore of opinion that the citation was defective in its failure to more fully state the cause of action, and that the description of the land involved was insufficient to put defendants on notice that the suit would affect any land in which they owned an interest. It is certain that the contents of the citation do not remotely intimate the possibility of such a judgment as was rendered.

In the second assignment plaintiffs in error complain that the court erred in rendering judgment against them without stating what amount of taxes were adjudged to be a lien upon each separate piece of property. It is contended that the judgment as it stands amounts to a personal judgment against each of the plaintiffs in error, which is in no event permissible on substituted service. We think this assignment should also be sustained. As has been already shown, the petition itself states only a gross liability against all the defendants for the gross sum prayed for. If we refer to Exhibit "A," we find that it wholly fails to show against whom the taxes were assessed. For some of the years named the taxes on the entire acreage was not delinquent, and since a reference to Exhibit "B" shows that the property had been partitioned and was owned in severalty, it is difficult if not impossible to ascertain from the pleadings which of the defendants were delinquent for the years for which taxes are not claimed on the entire ten acres. It also appears from Exhibit "A" that certain credits are allowed for certain years, but which one of the defendants is entitled thereto does not appear either by pleading or proof.

The city having a lien on a given piece of real property only for the taxes chargeable to it, it was absolutely necessary to a valid judgment in this case that the court should have ascertained the exact amount chargeable against each separate tract and foreclosed the lien only for that amount. Instead of pursuing that course, the trial court seems to have ascertained the gross sum due on the two tracts owned by each set of plaintiffs in error, and to have ordered both tracts sold to satisfy the gross sum so found to be due. That is to say, block A 1 and A 2 be-

longing to Miller and wife were ordered sold to satisfy the taxes due by the Millers, and block C 1 and C 2 were ordered sold for the payment of the taxes found to be due by Borden and wife. The enforcement of this judgment might result in subjecting one of the tracts to sale for part of the taxes due upon the other, for the value of the lots is not made to appear, and one might sell for a sum insufficient to pay the taxes actually chargeable against it. To hold the other tract responsible for .this deficit would be equivalent to an order that if one of the lots did not sell for· enough to satisfy the charge against it, the officer might ·sell the other as under execution to satisfy the deficit. This would amount to as distinct a violation of the rule that no personal judgment could be rendered against these defendants as if the court had ordered the lots sold to satisfy the judgment and execution to issue leviable on any other property of defendants found in this State to satisfy the balance of the judgment remaining unsatisfied by the proceeds of the first sale We think it clear that the court should have found the amount of taxes chargeable to each tract, and held each tract subject to its taxes and no more; but it .appears to us equally clear that in the state of the pleading and evidence the court could not have possibly done so. The facts reduced to writing and preserved as required by the statute in such cases are so meager as to be in any event insufficient to support the judgment.

The judgment is also assailed on the ground that the court erred in rendering a several judgment against defendants for the reason that such judgment is not supported by the pleadings. This criticism of the pleadings is sound, as has already been seen, and since the judgment is not responsive to the pleadings, the assignment must be sustained. The exhibits attached to the petition, if otherwise sufficient, are not so pleaded as to support this feature of the judgment. District Court Rule No. 19, permitting the use of exhibits as an adjunct to pleading, expressly provides that the exhibit shall not relieve the pleader from making the necessary allegations of which the exhibit may be the evidence in whole or in part. See also, Pool v. Sanford, 52 Texas, 635. According to Exhibit "B" the land is owned in severalty by virtue of the partition. Exhibit "A" indicates in a general way that the land was assessed in separate tracts for some of the years, but against what owner nowhere appears. In the body of the petition there is not even a general allegation as to which of the defendants own the several tracts, or the amount of taxes assessed against each tract for the years named. It might be possible by a careful comparison of Exhibit "A" with Exhibit "B" to ascertain by the quantity of land assessed what person is supposed to have owned it, but this would only be an uncertain inference, in no way aided by the proof adduced. The statement of facts is but fifteen lines in length, and after stating in a general way thät the taxes sued for were shown to have been duly assessed and due and unpaid and ·had been so levied and assessed on the land described in the petition, further shows that for the

years named there is due on 65-100 acres out of the Obedience Smith survey $1007.25. If this is all the proof the trial court heard, and we must proceed upon the assumption that it is, then the conclusion can not be escaped that the facts necessary to sustain the judgment are entirely wanting.

For the errors indicated the judgment is reversed and the cause remanded in so far as it affects plaintiffs in error. As to the other defendants who are not parties to this writ of error, it is undisturbed.

*Reversed and remanded.*