CARSON v. GILCHRIST et al.

(Court of Civil Appeals of Texas. March 23, 1911. On Motion for Rehearing, April 20, 1911.)

1. MECHANICS' LIENS (§ 281*)—ENFORCEMENT —EVIDENCE—INDEBTEDNESS OF DEFENDANT.

In a proceeding by a subcontractor to enforce a mechanic's lien for a balance owed by the owner to the contractor, evidence *held* insufficient to sustain a judgment for plaintiff.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 281.*]

2. MECHANICS' LIENS (§ 291*)—ENFORCEMENT — CITATION — SUFFICIENCY TO AUTHORIZE JUDGMENT.

Sayles' Ann. Civ. St. 1897, art. 1235, provides that a citation by publication in a mechanic's lien case shall contain a brief statement of the cause of action. Plaintiff's citation to defendant in a suit instituted to enforce a mechanic's lien was made by publication, and stated that plaintiff as subcontractor performed work on a building which the contractor was to "assist in erecting for defendant Carson in the city of Amarillo, Tex.," that plaintiff had filed a lien upon the building and lot, and prayed for judgment for his debt and for general and special relief, etc. *Held*, that the citation was insufficient to authorize a judgment against defendant to foreclose the lien upon his property, since it contained no information that a lien was claimed and a foreclosure sought, nor a sufficient description of any property upon which a lien could be claimed.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 599–611; Dec. Dig. § 291.*]

On Rehearing.

3. MECHANICS' LIENS (§ 279*)—ENFORCEMENT —EVIDENCE—BURDEN OF PROOF.

In a suit by a subcontractor to enforce a mechanic's lien against an owner, under a statute which gives a subcontractor a lien for any balance which the owner may owe the contractor

at the time of notice from the subcontractor, the plaintiff has the burden of proving that at the time notice was given the owner owed the original contractor a balance to which he might thereafter have recourse, and for the payment of which he was entitled to a lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 555; Dec. Dig. § 279.*]

Error from District Court, Tarrant County; R. H. Buck, Judge.

Action by A. Gilchrist against Thomas Carson and another. Judgment for plaintiff, and defendant Thomas Carson brings error. Reversed and remanded.

Gustavus, Bowman & Jackson, for plaintiff in error. J. W. Stitt, for defendant in error Gilchrist.

HODGES, J. The defendant in error, Gilchrist, recovered a personal judgment against the plaintiff in error, Carson, for the sum of $267.17 and the foreclosure of a laborer's lien upon a house and lot belonging to Carson situated in the city of Amarillo. Suit was instituted and judgment recovered during Carson's absence from the state, and upon a citation by publication. When the case was called for trial, an attorney was appointed to represent Carson; and, after hearing the evidence, the court rendered the judgment complained of.

[1] It is urged in this court that the pleadings and the facts did not authorize the judgment. The petition is somewhat vague and uncertain, and it is difficult to ascertain what the pleader intends to allege regarding the contract under which he performed the services for which he sued. According to our construction, the averments charged that Carson, the plaintiff in error, let a contract to one James Davies for the building of a house on the lot referred to in the petition; that some portion of the work was also let to W. A. Davies; and that defendant in error, Gilchrist, performed the labor for which he claimed the debt sued for by virtue of a contract made by him with W. A. Davies. It is alleged that he filed his account in compliance with the statute for fixing such liens, and gave notice to Carson; that at the time he gave notice Carson still owed W. A. Davies more than the amount of the debt sued for. In his testimony he says: "I had a contract in the summer and fall of 1906 for doing the stonework for defendant Carson on the Thomas Carson. building in Amarillo. I had the contract with W. A. Davies, Carson's contractor, to do the stonework. My contract price was $2,300. I did some extra work in addition to my contract." The witness then states in detail the work he did and what the items were worth. He then says: "I finished the work up there on the 5th or 6th of January, 1907. I have never been paid for all my work up there. The account that I filed in this case will correctly show the account and how much I have been paid on it. The total bill was $2,474.67, and I have been paid $2,229.38, and there is still a balance due me for my work up there of $245.29, which I have not been paid. I fixed my labor lien on that building up there. I sent my itemized account up there for filing. I also sent Mr. Carson a statement of my account, together with notice of the filing of the lien. I sent that by registered letter, and this receipt now shown me is the registry receipt that I got back. Mr. Carson afterwards settled with Davies." The witness nowhere testified that Carson at the time of receiving the notice owed Davies any amount upon his contract. The statement that Carson "afterwards settled with Davies" is not equivalent to saying that Carson paid Davies any money thereafter, or, if it might be so construed, it does not give the amount Carson paid Davies. We think the facts are insufficient to justify the judgment.

[2] It is also contended that the citation was insufficient to authorize the rendering of the judgment against plaintiff in error, foreclosing the lien upon his property. The material portion of the citation is as follows: "That about the month of July, 1906, plaintiff entered into a contract with defendant Davies, as a subcontractor under said Davies, to perform the stonework, without furnishing the stone, in a building which defendant Davies was to assist in erecting for. defendant Carson in the city of Amarillo, Tex. That plaintiff performed his said contract according to agreement and the specifications of said contract, all of which are in the possession of the defendants and their agents, and they are hereby notified to produce said contract and specifications upon the trial of this cause, or secondary evidence will be introduced as to their contents. That said work was approved and accepted. That in addition to said work plaintiff, by request and direction of defendant Davies, furnished other work, materials, and tools for the erection of said house to the amount in value of $205.55, all of which was accepted and approved by defendants, and for which defendants became obligated to pay plaintiff. That plaintiff has received from defendant Davies upon said contracts the sum of $2,229.38, leaving still due and owing to plaintiff $267.17. And, though often requested, defendants have failed and refused to pay the same or any part thereof. That plaintiff has filed a laborer's lien upon said house and the lot upon which it is built for the securing of the payment of said debt. That defendant Carson is now the owner of said house and lot. Plaintiff prays that defendants be cited to answer his petition, and that he have judgment for his said debt, damages, costs of suit, general and special relief," etc.

Art. 1235 of the Revised Civil Statutes provides that citation issued in cases like this shall contain a brief statement of the cause

of action, and shall command the officer to summon the defendant by making publication, etc.

The plaintiff in error insists that under that citation as published he was not notified that an effort was being made to foreclose a lien upon his property. The publication contains no intimation that a lien is claimed and a foreclosure sought; neither does it describe any property upon which a lien could be claimed; it merely refers to a building which Davies was to "assist in erecting for defendant Carson in the city of Amarillo, Tex." That description is wholly insufficient, as giving the substance of the petition, to notify Carson that he was being sued for the foreclosure of a lien upon the property described in the judgment. Borden v. City of Houston, 26 Tex. Civ. App. 29, 62 S. W. 426; Stegall v. Huff, 54 Tex. 196.

For the errors discussed, the judgment of the court is reversed, and the case remanded.

### On Motion for Rehearing.

The defendant in error, Gilchrist, insists in his motion for a rehearing that we were in error in holding that the testimony offered by him upon the trial did not make out a prima facie case against Carson for the foreclosure of his lien.

[3] The statute only gives a subcontractor a lien for any balance which the owner may owe the original contractor at the time he receives notice from the subcontractor. It devolves upon the latter, as a part of the essentials in making out his case, to prove that at the time the notice was given the owner owed the original contractor a balance to which he might thereafter have recourse, and for the payment of which he was entitled to a lien. Fullenwider v. Longmoor, 73 Tex. 480, 11 S. W. 500; 8 Ency. Ev. 559, and cases there cited.

The motion for rehearing is overruled.