### LEYHE et al. v. LEYHE. (No. 1637.)

(Court of Civil Appeals of Texas. Amarillo. March 31, 1920.)

1. **Pledges** ☞57—Citation published in foreclosure must identify collateral.

A citation published in an action to foreclose a lien on notes, accounts, contracts, etc., should, under Rev. St. 1911, art. 1874, contain such a description of the collateral as is necessary to identify it.

2. **Pledges** ☞57—Citation published did not sufficiently describe collateral in foreclosure proceeding.

A citation published in an action to foreclose a lien on certain collateral, describing it as "certain notes, accounts, contracts for the sale of merchandise and choses of action assigned, transferred and sold to her (the plaintiff) by L. P. Co.," held not to sufficiently describe the collateral under Rev. St. 1911, art. 1874, relating to publication of citation.

3. **Corporations** ☞604, 630(3½)—Directors as trustees of insolvent corporation must be sued collectively.

An adjudication of insolvency dissolved a corporation, so that it could not thereafter be sued, and the directors became trustees to wind up its affairs, under Rev. St. 1911, arts. 1205, 1206, and suit could not be maintained to establish a corporate liability against any of such trustees singly; the directors acting collectively as trustees.

4. **Corporations** ☞630(3½)—Representatives of insolvent corporate mortgagor necessary parties to foreclosure.

Where a corporation, dissolved by insolvency, which had transferred its assets to trustees for the benefit of creditors, had not parted with all interest in property against which foreclosure was sought, the representatives of the corporation were necessary parties to the foreclosure proceedings.

5. **Parties** ☞96(3)—Answer of one of several who should be sued jointly not effective to destroy allegations of petition showing others were necessary parties.

Allegations in an answer by one of several directors of an insolvent corporation, the others not being served, could not destroy the effect of allegations of plaintiff's petition in a proceeding to foreclose a lien against certain corporate property which showed that all the directors of the corporation were necessary parties to the suit.

6. **Appeal and error** ☞150(1)—Trustees had sufficient interest to prosecute error in foreclosure proceeding.

Directors of an insolvent corporation, who were trustees for the corporation and creditors and had the legal title to the assets of the corporation, had such interest in the property that they could prosecute a writ of error from a judgment in an action to foreclose a lien against it.

Error from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Helen B. Leyhe against W. A. Leyhe and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Cockrell, Gray, McBride & O'Donnell, of Dallas, for plaintiffs in error.

Short & Field and J. R. Haynes, all of Dallas, for defendant in error.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BOYCE, J. This suit was brought by defendant in error, Helen B. Leyhe, on a note executed by the Leyhe Piano Company, and to foreclose a lien on certain collateral given to secure the payment of the said note. Plaintiff alleged in her petition: That the Leyhe Piano Company, a corporation, executed and delivered to her its note for the sum of $5,156.69, and secured payment of the same by pledge of numerous notes of various persons, for various amounts, particularly described in the petition. That thereafter the said Leyhe Piano Company was adjudged a bankrupt and following such adjudication made a composition with its unsecured creditors. That certain named creditors advanced the funds necessary to carry out the composition agreement; and that in pursuance to the terms of such agreement all of the assets of the corporation were transferred to C. C. Chickering and two others, as trustees, to be held in trust for the benefit of such creditors and the corporation until a sufficient sum should be realized from collection of notes and accounts and from the sale of any properties belonging to the company to pay the costs of the administration of the trust, and reimburse said creditors for the sums of money advanced to effect said composition, and the balance, if any, was to be paid and delivered to the said Leyhe Piano Company. That the said transfer and assignment to said trustees included the collateral notes securing the payment of plaintiff's note, but subject to plaintiff's lien thereon to secure the payment of her indebtedness. That the stockholders of the corporation conveyed all of the shares of stock in the corporation to the said trustees, and the said trustees, as holders of said stock, elected J. E. Gilbert, Hubert L. Huddleston, and Y. O. McAdams as directors of said corporation; the said J. E. Gilbert being elected president, Hubert L. Huddleston, vice president, and Y. O. McAdams, secretary and treasurer, and that said officers and directors took charge of all of the property and affairs of said corporation, subject to the right of the said trustees to hold all of said property until the performance of the conditions under which said property was conveyed to them.

The defendants named in the petition were the Leyhe Piano Company, the three directors named above, C. C. Chickering and F. S. Cable, as trustees representing the creditors and corporation under the composition agreement, and the creditors, whose names we need not state, who are alleged to have advanced funds with which to effect the composition agreement. The plaintiff prayed for a judgment for the balance due on the principal note and foreclosure and sale of the collateral notes, securing payment of the principal note. Only one of the directors named as defendants, to wit, J. E. Gilbert, was served with citation. He answered that he did not represent the Leyhe Piano Company as trustee, or otherwise, and had no assets belonging to it in his possession; and had never had; that at the time of the bankruptcy proceeding he was elected an officer for the purpose of receiving the assets from the trustees in bankruptcy, and received a formal transfer of said assets, subject to the rights of the creditors who advanced the money for composition purposes, and that he then resigned, as did Y. O. McAdams; and that since said time the said piano company has had no assets and no representative in the state of Texas, or elsewhere, and, so far as said defendant knew, there are no trustees representing it, and it has no assets. The plaintiff then dismissed the suit as to the other two directors, Hubert L. Huddleston and Y. O. McAdams. It was alleged that the creditor defendants and C. C. Chickering and F. S. Cable were nonresidents of the state. Service of citation was had on the creditor defendants by publication, and personal notice to nonresidents was served on the defendants Chickering and Cable. The service on the defendant Chickering, however, was not made in time to require him to answer to the term of court at which judgment was rendered. The said trustees and creditor defendants did not answer except by attorney appointed by the court to represent the nonresident defendants. The judgment was for the plaintiff against all the defendants for the sum of $2,607.73, with a foreclosure on the collateral which was directed to be sold and the proceeds applied to the payment of said judgment, and costs. It was expressly provided, however, that the judgment should not be personal against any of the nonresident defendants.

The writ of error is prosecuted by the said C. C. Chickering and F. S. Cable, trustees, and J. E. Gilbert.

[1, 2] The first contention made by appellants is that the statement of the cause of action as contained in the citation published is insufficient to support the judgment. This statement of the cause of action in the citation, after describing with sufficient particularity the note of the Leyhe Piano Company to the plaintiff, merely states, in reference to the collateral on which foreclosure of the lien was sought:

That said note is "secured by a second lien upon certain notes, accounts, contracts for the sale of merchandise and choses of action, assigned, transferred, and sold to her by W. A. Leyhe Piano Company; that the said first lien has been wholly satisfied; * * * and that the plaintiff is also the owner of notes and accounts pledged to secure payment of said debt upon which the plaintiff holds a lien."

The statute requires the citation in such cases to contain "a brief statement of the cause of action." R. S. art. 1874. It has been

held that the provisions of the statute must be strictly complied with. Davenport v. Rutledge, 187 S. W. 988. The principal object of this suit was a foreclosure of the lien on the collateral pledged to secure the payment of the principal note. We think it was essential that the citation contain such description of the collateral as would be necessary to identify it. For this reason we think the citation was insufficient. Humphrey v. Beaumont Irrigating Co., 41 Tex. Civ. App. 308, 93 S. W. 182; Carson v. Gilchrist, 136 S. W. 529; Borden v. City of Houston, 26 Tex. Civ. App. 29, 62 S. W. 427. It may be, though we do not so decide, that the creditors were not necessary parties to the suit and would be bound by any judgment that might be lawfully entered against the trustees. But the judgment cannot be upheld on this ground because one of the trustees was not served in time to authorize judgment to be taken at the term at which judgment was entered. The trustees were not named as defendants summoned in the citation by publication, so that in no event was the court authorized to render judgment against the trustee Chickering.

[3-5] The next proposition advanced by appellants is to the effect that no judgment could be taken after dismissal of two of the directors of the corporation. We are inclined to think that this proposition is also well taken. The adjudication of insolvency dissolved the corporation. R. S. art. 1205. The corporation itself could not thereafter be sued. Orange Lumber Co. v. Toole, 181 S. W. 823. By virtue of the statute the directors of the corporation at the time of its dissolution became trustees to wind up its affairs. R. S. art. 1206. They act in such capacity collectively and suit could not be maintained to establish a corporate liability against any of them singly. Witherspoon v. T. P. Railway Co., 48 Tex. 309. Under any ordinary circumstances the mortgagor, in this instance the corporation or its representatives, would be a necessary party in a suit to foreclose the lien. Black v. Black, 62 Tex. 296; Breed v. Higginbotham Bros. & Co., 141 S. W. 164. Some authorities hold that a mortgagor who has conveyed all his interest in the mortgaged premises, and against whom no personal judgment is sought, is not a necessary party to the foreclosure suit. Jones on Mortgages (6th Ed.) §§ 1402–1404; R. C. L. vol. 19, p. 527. However this may be, according to the allegations of the petition, the mortgagor or its representatives had not parted with all interest in the property against which foreclosure was sought; it being alleged that such property was conveyed to the trustees for the creditors for administration for a limited purpose, after the accomplishment of which it was to be returned to the directors of the corporation for further administration by them. Under these allegations, we think that the representatives of the corporation were necessary parties to the suit. And we do not believe the allegations of the answer of only one of the directors, the others not being served, would destroy the effect of these allegations of the plaintiff's petition.

We are also of the opinion that the facts proven at the trial, as shown by the statement of facts made up and filed as requested by law, were not sufficient to warrant the judgment.

In view of another trial, we call attention to a matter to which no reference is made in the briefs, but which should be cleared up in the further pleading. The plaintiff, in the preliminary statement of the parties defendant, named C. C. Chickering and F. S. Cable as being trustees for the Leyhe Piano Company and the creditors, and these two parties were sued as such. In the body of the petition it is alleged that the trustees named by the creditors to whom the property of the corporation was conveyed were C. C. Chickering, C. G. Steger, and John H. Ludder. The said C. G. Steger and John Ludder were not sued, and it does not appear how Cable came to be trustee.

[6] The only answer the defendant in error makes to the assignments presented is that the plaintiffs in error do not show any such interest in the subject-matter of the controversy as would entitle them to prosecute the writ of error. If this contention be well taken as to the plaintiff in error Gilbert, it certainly cannot apply to the plaintiffs in error Chickering and Cable. These persons were, according to the allegations of the petition, vested with the legal title to the property, and there is no allegation by the plaintiff that the trust had terminated. According to the allegations of the petition, they were the representatives of the creditors as well as the corporation in such matter. They had an equity of redemption and are shown by plaintiff's pleading to be necessary parties to the suit.

The judgment will be reversed and remanded.