## BROOCKS et al. v. STATE. (No. 1826.)

Court of Civil Appeals of Texas. Beaumont. March 8, 1929.

Edward W. Easterling, of Beaumont, for plaintiffs in error.

E. T. Anderson, of Beaumont, for the State.

HIGHTOWER, C. J. The state of Texas, acting through the county attorney of San Augustine county, filed this suit in the district court of San Augustine county against John H. Broocks and his wife, Mrs. Laura Broocks, C. Carl Cox, and his wife, Mrs. C. Carl Cox, Ben C. Broocks, and Eugenia Allen Osborne, as defendants, to recover a judgment against them for taxes alleged to be due to the state of Texas on several different tracts of land in San Augustine county for the years from 1910 to 1923, inclusive, together with interest and penalties as provided by statute. It was alleged, in substance, in the petition that the defendants owned and claimed to own the several tracts of land, against which the taxes had been levied and assessed, and that the total amount of money due the state of Texas by the defendants as taxes on the several tracts of land was $2,180.38, and it was alleged that the state of Texas had a lien against the several tracts of land for the payment of that sum and the state of Texas prayed for judgment against the defendants for the amount of money alleged to be due the state, and for foreclosure of its tax lien.

The record before us shows that none of the defendants made appearance in the trial court, and judgment by default was rendered, foreclosing a lien in favor of the state of Texas against the several tracts of land described in its petition for the total and gross sum of $2,180.38. There was no personal judgment against any of the defendants, ascertaining or declaring that any of them were indebted to the state of Texas for any amount.

■ In due time the defendants prosecuted their appeal to this court by writ of error, and seek to reverse the judgment of the trial court, because of fundamental error in the judgment, as they contend, in two respects. They contend, first, that the judgment appealed from is fundamentally erroneous, in that it establishes and orders foreclosed a lien for taxes against the several tracts of land involved, without ascertaining or declaring any indebtedness against plaintiffs in error in favor of the state of Texas. Upon inspection of the judgment, as found in the record in this case, it is clear that no amount of indebtedness was established in favor of the state of Texas against any of the plaintiffs in error, and that no personal judgment was rendered against any of them by the trial court. This being true, the trial court

was not authorized to render judgment foreclosing a lien against the several tracts of land, as was done. In other words, in order for the state to have judgment foreclosing a lien for taxes, it was necessary that an indebtedness for the taxes be established by the judgment, and this, as we have stated, was not done. We are therefore compelled to sustain this contention of the plaintiffs in error.

■ Plaintiffs in error, as a second ground of fundamental error, complained of the judgment of the trial court, for the reason that the judgment is for the gross sum of $2,180.38, and the lien adjudged in favor of the state of Texas was ordered to be foreclosed against all the tracts of land for that gross sum of money, without ascertaining and establishing the amount of taxes due on each tract of land. Upon inspection of the judgment, we find that it is vulnerable to this attack. It nowhere appears in the judgment what amount of taxes was due against any of the several tracts of land involved, and they are all ordered to be sold at once to pay the gross amount of $2,180.38. This clearly was error and necessitates a reversal of this judgment. Borden v. City of Houston, 26 Tex. Civ. App. 29, 62 S. W. 426. In the cited case, the city of Houston sued Borden and others for delinquent taxes on several small tracts of land, and judgment was rendered in the trial court for the gross amount of $2,131.35, but the judgment did not ascertain the amount of taxes that was due on each tract of land involved, but they were all, by the terms of the judgment, ordered sold for the gross amount of the judgment. On appeal from that judgment, the appellate court, in sustaining an assignment of error among other things, said: "We think it clear that the court should have found the amount of taxes chargeable to each tract, and held each tract subject to its taxes, and no more."

For the errors complained of, as we have just shown, this judgment is reversed, and the cause remanded.