## HOLT v. WICHITA COUNTY WATER IM-PROVEMENT DIST. NO. 2.*
### No. 12544.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 12, 1931.

Rehearing Denied Jan. 23, 1932.

Sanders & Scott, of Amarillo, for appellant.

Britain & Cheek, of Wichita Falls, for appellee.

CONNER, C. J.

The appellee, Wichita County Water Improvement District No. 2, was incorporated under the provisions of the statutes later embodied in Revised Statutes of 1925 as title 128, chapter 2 (article 7622 et seq.), and this suit was instituted, tried, and presented to us as a consolidated suit to recover delinquent taxes, penalties, interest, attorneys' fees, and costs on certain lands described in the petition and shown to be owned by appellant, D. E. Holt. Several other parties were also made defendants, but, inasmuch

*Writ of error granted.

**528**

as the record shows that they were either dismissed or the suit as to them in fact abandoned, they need not be further noticed in this opinion.

The consolidated causes were tried by the court without the intervention of a jury, on November 5, 1930, and resulted in a judgment establishing the amount of taxes, interest, penalties, and attorneys' fees due in the first-numbered suit at the gross sum of $254.16, to secure which a lien was adjudged and foreclosed on the land on which the taxes adjudged had been imposed. The judgment further established the amount of taxes, interest, penalties, and attorneys' fees in the second·suit at the gross sum of $471.71 and foreclosed the lien on the land upon which those taxes had been assessed and against any of the defendants in either suit. There were twelve tracts, lots, or subdivisions involved in the foreclosure in the first suit and twenty-six different tracts, lots, or subdivisions involved in the foreclosure in the second suit, but the court did not determine the amount of taxes against each tract in either of the suits, but established the gross amount due on all of the tracts in the first suit and the gross amount due on all the tracts in the second suit with foreclosure in each suit. Appellant duly excepted to the judgment and gave notice of appeal, and the case is now before us for determination.

The record shows that, as included in the irrigation district and as conveyed to appellant Holt, the land consisted of block 18, containing 160 acres of land out of the Cowherd Bros. land on Buffalo Head creek, and block 25, containing 112 acres, out of Tarrant county school lands, making a total of 272 acres. The record indicates that, after the inclusion of such acreage within the irrigation district and presumably after the acquisition of the same by Holt, blocks 18 and 25 were' subdivided into lots, it not appearing when or by whom the subdivisions were made, but there seems to be no dispute of the fact that appellant holds the record title to all of the property described. The assessment rolls described the property as certain lots in blocks 18 and 25. If any of these lots as designated in the assessment rolls or on delinquent lists have been sold or owned by persons other than appellant, it is not disclosed by the record.

Under appellant's assignments of error it· is contended that the court's judgment for appellee was erroneous, because (1) it foreclosed an alleged lien for taxes without establishing any indebtedness against the defendant or any one of them or entering any judgment against them or any of them; (2) it established the gross or total amount of taxes due on many tracts and ordered a blanket sale to make the gross amount of taxes without establishing the indebtedness against each tract separately; (3) it included in the gross amount of taxes attorney's fees in the amount of 10 per cent. when there was no proof of employment, amount contracted to be paid, or reasonableness of fee; and (4) the judgment for taxes was not warranted because appellee wholly failed to establish by legally competent evidence of probative force that the land was within the tax district.

The constitutionality or legal status of the improvement district seems not to be questioned, if indeed·it can be under the rulings in Trimmier v. Carlton, 116 Tex. 572, 296 S. W. 1070, and Western Union Tel. Co. v. Wichita County Water Improvement District (Tex. Com. App.) 30 S.W.(2d) 301, and especially in view of House Bill No. 158, approved May 23, 1929, amending article 7649, Rev. Statutes. See page 204, First Called Session, 41st Legislature (1929), c. 81, § 1 (Vernon's Ann. Civ. St. art. 7649). Nor does appellant in any way question the sufficiency of the proceedings in the assessment, levy, etc., of the taxes to support the trial court's findings necessary in these respects to support the district's claim of a lien upon the lands described in the judgment for the payment of the sums adjudged.

Article 7680, Rev. Statutes of 1925, provides that, in the sale of lands upon which a tax lien has been foreclosed, the judgment shall be for "all taxes, interest, penalty, and costs." Article 7683 provides that attorneys representing the district in suits against delinquent taxpayers "shall receive for such service such compensation to be paid out of delinquent taxes collected, as may be ·allowed by the directors for such district." The record in this case shows that the district had contracted with the attorneys representing appellee for the fees taxed in the judgment. This is not disputed, and we therefore overrule the contention that the judgment is erroneous in the item of attorney's fees for the reason that the evidence fails to show they were reasonably worth the amounts taxed. The contract of the district board was for 10 per cent. of the amounts collected, and there is no contention that the board in so doing acted arbitrarily, nor is there anything in the record to suggest that the amount provided for in the contract and allowed by the court is unreasonable. The assignments of error relating to this question are therefore overruled.

Nor do we think the judgment is reversible on the ground that it fails to establish any indebtedness against the defendant or any one of them, as appellant insists. In imposing the lien on the lots into which block' 18 of the Cowherd subdivision was divided, the judgment recites that "plaintiff is entitled to recover of and from the defendants," without naming them, the attorneys' fees,

amounting to $42.87, plus the tax due and delinquent, with penalties, aggregating $471.71. While there is no such recitation in the judgment, in imposing the lien upon the lots into which block 25 of the Tarrant county school land is divided, we fail to see how appellant Holt is prejudiced by an omission to render judgment against him. Moreover, section 15 of article 8 of the Constitution provides that "all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes * * * due by such delinquent." And our Supreme Court in City of San Antonio v. Toepperwein, 104 Tex. 43, 133 S. W. 416, expressly recognizes the proposition that the lien for taxes under the provision of the above section of the Constitution may be foreclosed without the rendition of any personal judgment. See, also, City of Henrietta v. Eustis, 87 Tex. 14, 26 S. W. 619.

■ The more difficult question is whether the court in establishing the tax and imposing the liens was required to find the amount of taxes due and impose the lien therefor upon each particular lot into which blocks 18 and 25 had been subdivided. To secure the attorneys' fee, taxes due and delinquent and unpaid for the years 1925, 1926, 1927 and 1928, aggregating $471.71 as stated, a lien was fixed upon the following described property to wit:

"All of the following described tract and parcel of land situated in Wichita County, Texas, and within the bounds of the plaintiff district, to wit:

"Being lots 1, 2, 3, 4, 5, 6, 7, 15, 16, 17, 18, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 41, 42, and part of block B, all of said tract being in the Valley Subd. of Block Eighteen (18) Cowherd Bros. Subdivision in the Mark Heley Survey, Abst. 94 and the G. W. Childers Survey Abst. 31 and Block 25, Tarrant County School Lands, Abst. 282. That part of block B being described as beginning at the SE corner of said block; thence north 627'; thence west 428.5'; thence south 627.4'; thence east 428.5' to the place of beginning."

For the years 1927 and 1928 the taxes, with interest, penalties, and attorneys' fees, aggregating $254.16, was secured by the imposition of a lien upon the following property in block 25, to wit: "Being lots 8, 9, 10, 11, 12, 13, 19, 20, 21, 23, and 24 of the Valley Subdivision of Block 18, Cowherd Bros. Subdivision in the G. W. Childers survey, abst. 31, and the Mark Heley Survey, abst. 84, and block 25 Tarrant County School Lands, Abstract No. 282."

Appellant cites the case of Richey v. Moor, 112 Tex. 493, 249 S. W. 172, by the Supreme Court. In that case lands described as tracts 1 to 8, inclusive, had been taxed as against Moor, the owner of all. He sought to relieve himself and the lands of liability by tendering the tax due upon tracts 1 to 7, stating that tract 8 had been sold, and that the buyer had assumed the payment of the taxes on that tract. The collector refused to accept the taxes tendered and insisted upon the payment of the whole tax by Moor. The Supreme Court held that Moor was entitled to relieve himself by the payment of the taxes due upon tracts 1 to 7, inclusive, without the payment of the taxes on tract 8. It was held that tracts 1 to 7, inclusive, were not incumbered by a lien to secure the payment of taxes on tract 8, and that it was the duty of the collector under the circumstances to accept the tender made and issue a statutory receipt showing payment of taxes sought on tracts 1 to 7.

Appellant also cites the case of Broocks v. State, 15 S.W.(2d) 665, by the Beaumont Court of Civil Appeals, and Borden v. Houston, 26 Tex. Civ. App. 29, 62 S. W. 426 Without undertaking to analyze them, we think the case before us is distinguishable from those cited. As already stated, the lands upon which the taxes were imposed were embodied in the district as acreage and designated as blocks 18 and 25. Without dispute, appellant, Holt, is the owner of the whole. There is no evidence that he at any time has sold any one of the lots described in the judgment or that any one has an incumbrance thereon, or that for any reason any one or more should be separated from the others. The taxes imposed were not, as is the usual case, upon separate tracts of land, some of which perhaps may be owned by other persons, but the whole was situated and embodied within an irrigation district where the tax imposed was not upon the value of each tract of land, but instead upon irrigable and nonirrigable lands. The statement of facts in this case shows that in a number of cases a specified lot is taxed both as irrigable and nonirrigable. To illustrate, take lot 11 in block 18, the taxes assessed against its irrigable portion is $1.78 and $3.22 against the nonirrigable, and $1.87 for maintenance tax, totaling $4.36. It would seem to be impracticable under the circumstances in this case, or at least unnecessary, to undertake to separate and separately tax a single lot composed of both irrigable and nonirrigable lands.

Article 7681, Rev. Civ. Statutes, provides that, in case of foreclosure, "if the defendant or his attorney shall, at any time before the sale, file with the sheriff or other officer in whose hands any such order of sale shall be placed a written request that the property described therein shall be divided and sold in less tracts than the whole, together with a description of such subdivision as the defendant may request, provided same are reasonable," then, "in such case," the sale shall

only be of "as many subdivisions as may be necessary to satisfy the judgment, interest, penalties and cost, and after the payment of the taxes, interest, penalties and costs adjudged against it," etc. Under the undisputed facts appellant is undoubtedly liable for all taxes, penalties, interest, fees, and costs adjudged against him. The right of the district to the liens on the lands is equally as certain. Under the article of the statutes last cited, appellant can control the order of sale without burdening any lot or parcel sold with any part of the tax, etc., adjudged against him for which another is liable. The reason of the rule announced in the case of Richey v. Moor, and other cases, is, therefore, without necessary application.

■ Moreover, we think we may take judicial notice of the fact that the district adopted the benefit plan of taxation, as shown by article 7779, which fixed a uniform assessment of benefits of $35.25 per acre upon all irrigable land in the district and the assessment of $1 per acre upon all nonirrigable lands in the district. The tax does not depend upon the valuation of the land, but merely as to its classification. No objection has been made by appellant as to its classification, and all that is necessary to be done under the article named is the proper classification. The land was admitted into the district as a whole, and none having been sold, so far as the record shows, we fail to see that the later subdivision by appellant into lots, the dimensions of which do not appear, alters or changes either block 18 or block 25.

Under article 7334, Rev. Civ. Statutes, pertaining to delinquent taxes, the term tract is defined as follows: "The term 'tract' shall mean all lands or lots in any survey, addition or subdivision or part thereof owned by the party being sued for delinquent taxes."

In 4 Words and Phrases, Second Series, page 954, the term tract is defined as follows:

" 'A "tract" is defined as a, "lot, piece, or parcel of land of greater or less size, the term not importing in itself any precise dimensions." * * * Under the word "tract" in Anderson's Law Dictionary it is said: "Does not imply anything as to the size of the tract of land." ' The failure to enter for taxation a lot lying in an unincorporated village in a separate table under the head of 'Town Lots,' and the listing of such lot in the land book under 'Tracts of Land,' do not vitiate the assessment. Fleming v. Charnock, 66 S. E. 8, 9, 66 W. Va. 55, 18 Ann. Cas. 711 (quoting and adopting definition in Black, Law Dict. and And. Law Dict.).

" 'The terms "tract or lot" and "piece or parcel of real property," or "piece or parcel of land," means any contiguous quantity of land in the possession of, owned by, or recorded as the property of the same claimant, person or company.' * * *

"Laws 1890, p. 376, c. 132, § 32, provides that the assessor shall actually view when practicable and determine the true and full value of each lot of real property listed for taxation and shall enter the value thereof in one column, etc., and the statutes further provide that the term 'tract' or 'lot' and 'piece,' or 'parcel of real property,' and 'piece' or 'parcel of land,' whenever used in the act relating to revenue and taxation, shall be held to mean any contiguous quantity of land in the possession, owned by, or recorded as the property of, the same claimant, person, or company. Held, that under the statutes smaller tracts or subdivisions composing a larger tract could not be assessed as one tract, where the land was owned by different persons under recorded titles or in joint ownership, and assessments in one tract of different ownerships or estates in different tracts seem to be inhibited, where the different titles are of record. State Finance Co. v. [Bowdle] Myers, 112 N. W. 76, 78, 16 N. D. 193."

In the case of State v. Frost, 16 S.W.(2d) 331, by the San Antonio Court of Civil Appeals, 74 contiguous lots situated in the same subdivision of the city were held to constitute a single tract, entitling a county attorney to a fee for one tract only, under article 7332.

In Masterson v. State, 17 Tex. Civ. App. 91, 42 S. W. 1003, it was held, quoting from the headnotes, that: "A judgment under Rev. St. tit. 104, c. 5a (Acts 1895, p. 50), ordering a sale in gross of several tracts proceeded against in foreclosure of a tax lien, does not violate Const. art. 8, § 13, requiring the legislature to enact a law for the speedy sale of a sufficient portion to pay the taxes due, since, under article 5232g, the owner has an option to require the sheriff to sell each tract separately."

In State v. Slater (Tex. Sup.) 38 S.W.(2d) 1097, it was held, quoting from the headnotes, that: "All lands or lots in each city addition owned by party being sued for delinquent taxes constitute one 'tract,' as regards fees of tax collector, county clerk, and county attorney, if there be no subdivision (Rev. St. 1925, arts. 7331–7334)."

As already stated, in the case before us blocks 18 and 25 seem to have been divided into lots after the blocks had been incorporated into the irrigation district presumably after appellant acquired title to the same. We have no plat or subdivision showing the dimensions or locations of the separate parcels into which the blocks have been subdivided, and, as already stated, there is no evidence before us that any one of the lots has been sold, incumbered, or otherwise become so related to the others as to require a separate listing, and under the circumstances, it being undisputed that appellant is the owner of all, we have concluded that the judgment is not erroneous, as appellant in-

sists, because of a failure to impose the tax lien upon each separate lot for its proportionate part of the delinquent taxes.

It is accordingly ordered that all assignments of error be overrruled, and the judgment affirmed.