846

Paul E. KOONTZ, et al., Appellants,

v.

U. S. HOME CORPORATION, et al., Appellees.

No. A2674.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 5, 1981.

Cornelius Gibbs, Houston, for appellants.

Travis G. Wilson, Thweatt & Wilson, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a take-nothing judgment rendered following a non-jury trial of a suit brought by three sub-contractors on a construction project against U.S. Home Corporation, the property owner, and its surety on a bond for release of liens. We affirm.

The appellants attempted to perfect liens under the provisions of Tex.Rev.Civ.Stat. Ann. art. 5452, et seq. (Vernon Supp.1980). Appellants concede that they did not give the notices called for by article 5469, which requires the owner to retain 10% of the contract price for 30 days after completion of the work. The rights of appellants in this case are controlled by that part of article 5463 which provides that the owner shall be required to pay, and his property shall be liable for, only money that he paid to the contractor after he received written notice of the unpaid balances due the subcontractors, as required under article 5453.

In the trial of this case the burden was on the plaintiffs/subcontractors to prove that at the time they gave written notice of their claims to the property owner there were, in the hands of such owner, funds owed to the original contractor. *Fullenwider v. Longmoor*, 73 Tex. 480, 11 S.W. 500 (1889); *Leeper-Curd Lumber Co. v. Barbuzza*, 216 S.W. 216 (Tex.Civ.App.—Ft. Worth 1919, writ dism'd.); *Carson v. Gilchrist*, 136 S.W. 529 (Tex.Civ.App. 1911, no writ); 38 Tex.Jur.2d *Mechanics' Liens* § 91 (1962).

The record shows that appellants failed to carry their burden of proof; therefore, the trial court did not err in denying them recovery.

Affirmed.