Dewey WEAVER, et al., Appellants,

v.

KING READY MIX CONCRETE, INC., Appellee.

No. 10–87–234–CV.

Court of Appeals of Texas, Waco.

May 19, 1988.

Peter K. Rusek, Sheehy, Lovelace & Mayfield, P.C., Waco, for appellants.

James E. Cummins, Corsicana, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellants Dewey Weaver, Dewey Weaver, Jr., and Triple D Investments from a judgment for $5,222.92 plus attorney's fees in favor of appellee King Ready Mix Concrete, Inc.

In June 1984, King Ready Mix entered into an oral agreement with Norris Nations d/b/a Nations' Solercrete to furnish concrete mix to Nations. Nations' Solercrete was the general contractor on a Quality Inn being built which was owned by Triple D Investments. The concrete mix was de-

livered and Nations' Solercrete was billed. Nations' Solercrete did not pay and Ready Mix sent notices to Nations' Solercrete and to appellants Weaver, Weaver Jr., and Triple D Investments stating that if Nations failed to pay, payment was expected from appellants.

King Ready Mix filed suit against Norris Nations, d/b/a Nations' Solercrete and Dewey Weaver, Dewey Weaver, Jr., and Triple D Investments. Ready Mix took a nonsuit against Norris Nations but proceeded to trial and judgment against the appellants herein.

Appellants appeal on 5 points.

Point 1 asserts: "The trial court erred in rendering judgment based upon a sworn account because there was no evidence to support a finding that appellants ever agreed or assumed to pay the debt which was pled by appellee."

Appellants argue that there is no evidence in the record, either in the form of exhibits or testimony, to establish that they were a party to the sworn account alleged by Ready Mix. They argue that they never agreed to pay the debt incurred by Norris Nations.

Although appellants did not answer Ready Mix's petition with a verified denial as required by Rule 185 of the Texas Rules of Civil Procedure, they assert that they were not parties to the sworn account alleged. A suit on a sworn account presupposes a contract performed by one party who sues the other party for performance of his obligations. 1 Tex.Jur.3d 184, Accounts and Accounting § 64 (1979). Rule 185, which makes a verified account prima facie evidence unless a written denial under oath is filed, does not apply to parties who are strangers to the transaction. *McCamant v. Batsell,* 59 Tex. 363 (1883). This exception has been applied where the invoices or other evidence of the obligation reflect that the defendant was not a party to the original transaction. *Boysen v. Security Lumber Co., Inc.,* 531 S.W.2d 454 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Sundance Oil Co. v. Aztec Pipe*

*and Supply Co., Inc.,* 576 S.W.2d 780 (Tex. 1978).

■ Ready Mix's petition alleged that appellants enjoyed the use and benefit of the materials supplied with actual or constructive notice that Ready Mix expected payment from either Norris Nations or from appellants. The petition also states the sales in question were made at the special instance and request of Norris Nations. The invoices attached to the petition list the purchaser as "Nations Solercrete". There is no mention of appellants on the invoices. Where the pleadings do not conform to the document of proof, the documents rather than the pleading controls. *Copeland v. Hunt,* 434 S.W.2d 156 (Tex. Civ.App.—Corpus Christi 1968, writ ref'd NRE); *Hassler v. Gypsum Co., Inc.,* 525 S.W.2d 53 (Tex.Civ.App.—Dallas 1975, no writ).

Furthermore, the testimony at trial failed to establish any agreement that appellants would assume to pay the debt alleged by appellee Ready Mix.

Point 1 is sustained.

Point 2 asserts: "The trial court erred in rendering judgment against appellants on failure to withhold 'retainage funds' because there was no evidence to support this ground of recovery pled by appellee."

Section 53.101 of the Property Code requires the owner of real property on which a contractor is making improvements to retain 10 percent of the contract price of the improvements or, if there is no contract price, 10 percent of the reasonable value of the completed work. This amount is known as "retainage," and must be retained by the owner until 30 days after the contractor's work is completed. Upon timely notice, a subcontractor may share in the retainage. Tex.Prop.Code Ann. §§ 53.-056, 53.103 (Vernon 1984).

■ Appellee Ready Mix failed to introduce any evidence with which to calculate the amount to be retained under Section 53.101 of the Property Code. Ready Mix failed to prove the existence of a contract, the contract price of such contract, or the reasonable value of the completed work.

Without such, there is no evidence on which to calculate the 10 percent appellants were required to retain. Further, there is no evidence of what sums, if any, appellants actually retained. As such, there was no evidence to support the trial court's find that appellants failed to withhold retainage.

Point 2 is sustained.

■ Point 3 asserts: "The trial court erred in rendering judgment against appellants based upon personal liability pursuant to Texas Property Code Ann. § 53.084 because there was no evidence to support this ground of recovery pled by appellee."

Section 53.084 provides that if an owner has received proper notice, if the lien has been secured, and if the claim has been reduced to final judgment, the owner is liable and the owner's property is subject to a claim for any money paid to the original contractor *after* the owner was authorized to withhold funds. Appellee failed to prove that at the time it gave appellants written notice of its claim, appellants still owed money to the original contractor, Norris Nations. As such, appellee failed to carry its burden of proof. *Koontz v. U.S. Home Corporation,* 620 S.W.2d 846 (Tex. Civ.App.—Houston [14th Dist.] 1981, no writ).

Point 3 is sustained.

Point 4 asserts: "The trial court erred in rendering judgment granting attorney's fees because there was no evidence to support a finding of personal liability against appellants."

As stated in points 1 through 3, appellee failed to present any evidence to support the grounds of recovery alleged. Having failed to prove a ground of recovery, appellee failed to establish a "valid claim" entitling it to attorney's fees under Section 38.001 of the Civil Practice and Remedies Code.

Point 4 is sustained.

Point 5 asserts: "The trial court erred in rendering judgment granting appellate attorney's fees because there was no evi-

dence presented at trial to establish this amount."

First, appellee presented no evidence at trial to support the award of appellate attorney's fees.

Secondly, the trial court may not penalize a party for taking a successful appeal by taxing him with attorney's fees. An award of appellate attorney's fees is improper if it is not conditional upon whether or not the appellant succeeds in the appellate court. *King Optical v. Automatic Data Processing*, 542 S.W.2d 213 (Tex.Civ.App.—Waco 1976, writ ref'd NRE).

Point 5 is sustained.

We reverse the judgment of the trial court and render judgment that appellee take nothing.

REVERSED & RENDERED

THOMAS, J., not participating.