IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00114-CV

 

Mark Manly, Individually and d/b/a Agri-Safe,

                                                                      Appellant

 v.

 

CR Minerals Company,

                                                                      Appellee

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court # 2000-2726-3

 



MEMORANDUM 
Opinion



 








      This
is an appeal of a suit on a sworn account. 
See Tex. R. Civ. P. 185. 
Because there is no evidence that Manly was acting in any capacity other
than as an employee in the purchase of the products from CR Minerals, we
reverse and render.

      In
Manly’s second issue, he contends that the evidence was legally
insufficient.  The trial court rendered
judgment against Manly, individually, and doing business as Agri-Safe.  Manly pleaded that he was a stranger to the
transaction, and put on evidence to that effect.  See
Weaver v. King Ready Mix Concrete, Inc., 750
S.W.2d 913, 914 (Tex. App.—Waco 1988, no writ). 
Manly put on evidence that Agri-Safe was a marketing division of EPA
Distributors, a corporation owned by his father, by which Manly was employed
and in which he owned no interest.  Manly
testified that he had never done business as Agri-Safe, did not purchase goods
from Appellee individually, and did not agree to be responsible for the
purchases.  CR Minerals introduced
evidence that Manly had signed a license application on behalf of Agri-Safe in
which he affirmed that he was “authorized and empowered to act for the
operation for whom the license application is made.”  CR Minerals also points to Manly’s testimony
that he placed the orders for the goods. 
But as CR Minerals’ brief notes, its invoices that form the basis of its
sworn account name Agri-Safe as the purchaser. 
Viewing the evidence in the light most favorable to the trial court’s
implied finding that Manly was a party to the transaction, and disregarding
disputed evidence to the contrary except for undisputed evidence, there is no
evidence that Manly was a party to the transaction.  See St.
 Joseph Hosp. v. Wolff, 94 S.W.3d 513, 519-20 (Tex. 2003);
Tiller v. McLure, 121 S.W.3d 709, 713 (Tex. 2003); Weaver
at 914.  We sustain Manly’s second
issue.  We reverse and render judgment
that CR Minerals take nothing from Manly, individually, and doing business as
Agri-Safe.  We do not reach Manly’s other
issues.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Opinion
delivered and filed January 26, 2005

Reversed
and rendered

[CV06]